## In re JENNINGS.

(Circuit Court, E. D. Missouri, in Chambers. November 12, 1902.)

1. UNITED STATES MARSHALS—DUTY IN EXECUTION OF CRIMINAL SENTENCE—SURRENDER OF PRISONER TO ANOTHER COURT.

A United States marshal who has been directed, by a judgment and sentence of the court imposing a term of imprisonment on a defendant convicted of crime, to convey such defendant to a penitentiary, and deliver him to the keeper, in execution of the sentence, has no authority to surrender the prisoner to the marshal of another district, to be tried for another offense, and his action in so doing is illegal.

2. CRIMINAL LAW—SENTENCE OF IMPRISONMENT—COMMENCEMENT OF TERM.

Where a marshal failed to obey the judgment of a federal court directing him to convey a prisoner to the penitentiary, and deliver him to the keeper to serve a term of imprisonment, in execution of the sentence imposed by such judgment, but, in violation of his duty, delivered the prisoner to the marshal of another district, where he was tried, sentenced, and imprisoned for a different offense, the term of imprisonment under the first sentence must be computed from the date of such sentence, when it would have commenced had the marshal performed his duty, it not being within the power of a ministerial officer, by any action of his, to suspend the operation of the sentence of a court so as to prevent it from expiring by lapse of time; and, under such circumstances, it must be presumed, in favor of the prisoner, that he would have earned the good time allowed him by law for good conduct.

On Petition of Alphonso J. Jennings for Writ of Habeas Corpus.

Frank P. Sebree and S. C. Price, for petitioner.

THAYER, Circuit Judge. On September 25, 1902, on an application duly made to me at chambers in the city of St. Louis, Mo., a writ of habeas corpus was granted, directing Robert W. McClaughry, warden of the United States penitentiary at Ft. Leavenworth, Kan., to produce before me at chambers in the city of St. Louis, Mo., on October 18, 1902, the body of said Jennings, and show by what authority he held the petitioner in custody. At the time of issuing the writ a stipulation was indorsed thereon waiving the production of the body of the petitioner, and consenting that his right to be discharged might be tried and determined on the return made to the writ, with like effect as if the body of the petitioner was produced. On the day appointed for the hearing no return was filed by or on behalf of the warden, for which reason all the statements contained in the petition for the writ, and on the strength of which the writ was originally awarded, must be taken as confessed, and the petitioner's right to a discharge must be determined accordingly.

It appears from the petition and from the exhibits attached thereto

that Jennings was indicted and tried in the United States court for the Northern district of the Indian Territory for assault with intent to kill; that a verdict of guilty on such charge was returned against him on May 31, 1898, and that on June 4, 1898, he was duly sentenced, for the crime aforesaid, to be imprisoned in the United States penitentiary situated at Ft. Leavenworth, Kan., for the term of five years, at hard labor; and that the marshal of the court "receive, safely keep, and convey the body of said Al Jennings hence to said penitentiary, deliver him to the custody of the keeper of said penitentiary, who will receive and safely keep said Al Jennings in said penitentiary, in execution of the sentence aforesaid, and in conformity with the same, for the full period of time aforesaid." It was further ordered that the clerk of the court furnish the marshal with two duly certified copies of the judgment and sentence, one of which was to be delivered to the keeper of the penitentiary, and the other returned with a full and true account of the execution of the same. Instead of obeying the foregoing order, the marshal, as it seems, delivered the prisoner to the United States marshal for the Southern district of the Indian Territory. He was detained in custody by the marshal of the Southern district of the Indian Territory in a jail at Ardmore in said territory until February, 1899, when he was put upon trial in the United States court for the Southern district of the Indian Territory upon an indictment charging him with robbery of the United States mails, and was found guilty of said offense, and on February 17, 1899, was sentenced by the last-named court to imprisonment in the Ohio state penitentiary, situated at Columbus, in the state of Ohio, for the term and period of his natural life, and in pursuance of such sentence was committed to the penitentiary last named shortly after the date on which the sentence was imposed. An appeal was taken to the United States court of appeals for the Indian Territory by the petitioner from the first sentence rendered against him by the United States court for the Northern district of the Indian Territory, but no bond was given in connection with the appeal, for the purpose of staying the execution of the sentence. The case was heard on appeal in the court of appeals for the Indian Territory, and the judgment and sentence of the lower court were affirmed on October 26, 1899 (Jennings v. U. S., 53 S. W. 456), while the petitioner was incarcerated in the penitentiary at Columbus, Ohio. On June 23, 1900, the president of the United States commuted the sentence for life, which had been imposed by the United States court for the Southern district of the Indian Territory, "to imprisonment for five years, with all allowances for good conduct." In view of such commutation, and the allowance of time for good behavior, the petitioner's term of imprisonment in the penitentiary at Columbus, Ohio, would have expired on June 20, 1902; but a few days prior thereto he was taken from the Ohio penitentiary, without other authority, as it seems, than an order signed by the United States attorney for the Northern district of the Indian Territory, and was transported thence to Ft. Leavenworth, in the state of Kansas, and there delivered to the respondent, Robert W. McClaughry, and was by him confined in the United States penitentiary at Ft. Leavenworth, where he has ever since remained. The

warden, as it appears, is now holding him in virtue of no other authority than the·judgment and sentence aforesaid, which was imposed by the United States court for the Northern district of the Indian Territory on June 4, 1898.

In view of the foregoing facts, it is obvious that the marshal for the Northern district of the Indian Territory acted without authority of law in surrendering the petitioner to the custody of the marshal of the Southern district of the Indian Territory after a judgment and sentence had been pronounced, committing him to prison in the United States penitentiary at Ft. Leavenworth for the term of five years for an assault with intent to kill. The judgment and sentence in question commanded the marshal to convey the prisoner to Ft. Leavenworth "without delay, and deliver him to the custody of the keeper·of said penitentiary." From what source the marshal derived his authority to act differently, and to disobey the plain mandate of the court whose officer he was, is not disclosed; and such conduct on the part of a ministerial officer is so far subversive of judicial authority and at variance with the established course of judicial procedure as to warrant the belief that no authority or precedent can be found which would justify such action. The law contemplates that, after a prisoner has been tried and sentenced, he will be committed at once to the custody of the prison officials where the sentence is to be executed. He passes by virtue of the sentence into a custody different from that of the court before which he was convicted. This doctrine is enforced so rigidly in some jurisdictions, and possibly in all, that, after a sentence for a crime has been pronounced, the prisoner cannot be arraigned and tried for another offense, even in the same court by which he was sentenced, until the sentence is reversed by a higher tribunal, or he has served out his term of imprisonment. Ex parte Meyers, 44 Mo. 279, 281; State v. Buck, 120 Mo. 479, 496, 497, 25 S. W. 573, and cases there cited. If the marshal of the Northern district of the Indian Territory acted within the law in delivering the prisoner to the marshal of the Southern district of the territory, then no reason is perceived why he might not as well have delivered him to any other federal marshal for trial in any other federal district within the United States, thereby postponing the execution of the first sentence indefinitely, or until he had been tried in a dozen different districts for as many different offenses. This view of the marshal's authority is too unreasonable to be adopted, and it is therefore rejected.

As the marshal for the Northern district of the Indian Territory acted illegally and without warrant of law in surrendering the prisoner to a custody other than that of the warden of the penitentiary at Ft. Leavenworth, the inquiry arises whether such wrongful conduct on the part of the officer suspended the operation of the sentence, and prevented it from expiring by lapse of time. This question, in my judgment, should be answered in the negative. So far as the petitioner is concerned, his rights were unaffected by the illegal act of the officer, and the case must be treated precisely as if the marshal had discharged his' duty according to law, by committing the prisoner to the proper custody. If the marshal had performed his duty, the body

of the petitioner would have been delivered without delay to the warden of the penitentiary at Ft. Leavenworth. The petitioner's term of imprisonment would in that event have been computed from the date of his sentence, June 4, 1898, inasmuch as the execution of the sentence was not stayed by the appeal; and deducting the allowance in his favor for good behavior at the rate of two months per year, as prescribed by the federal statutes (26 Stat. 840, c. 529, § 8 [U. S. Comp. St. 1901, p. 3727]), his term of imprisonment would have expired prior to the time when his application for the present writ was filed. In view of the circumstances of the case, it must be presumed, in favor of the prisoner, that he would have earned his allowance of time for good behavior. He has in fact been in actual custody, undergoing imprisonment, since June 4, 1898,—a part of the time in a jail at Ardmore, in the Indian Territory, a part of the time in the penitentiary at Columbus, Ohio, and a small portion of the time in the federal penitentiary at Ft. Leavenworth. It matters not that during a portion of the time during which he has been confined he has been held ostensibly for an offense other than that for which he was originally convicted. In the eye of the law, he has all the time been serving out the sentence that was imposed on him for an assault with intent to kill, because no ministerial officer, by disobeying the mandate of the court, and unlawfully surrendering him into another custody than that where he rightfully belonged, could suspend the running of the sentence for that offense.

It is unnecessary to express an opinion on the question whether the United States court for the Southern district of the Indian Territory could lawfully proceed to try the petitioner for robbery, so long as he was under a sentence lawfully imposed by another court; and no opinion will be expressed on that point. For present purposes, it is sufficient to decide that, in legal contemplation, the petitioner has been continuously serving out his first sentence since June 4, 1898, and that his term of imprisonment has expired. It will accordingly be ordered that the petitioner be discharged.