(No. 15208.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISAAC JONES, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. CRIMINAL LAW—*statute is complied with if record shows defendant was advised as to effect of pleading guilty.* Where both the abstract and the record show that the defendant was admonished by the court as to the consequences of his plea of guilty and that he still persisted in such plea, it must be held that the statute was complied with.

2. SAME—*when court may correct order of commitment.* The circuit court retains jurisdiction over a judgment during the term at which it was rendered, and in a criminal case, where the court has sentenced defendant, after his plea of guilty, to the St. Charles School for Boys, it may, where it is admitted that the defendant is over sixteen years of age, set aside said order at the same term and order the defendant committed to the State reformatory.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

TEMPLEMAN & TEMPLEMAN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES F. EVANS, State's Attorney, VIRGIL L. BLANDING, and AARON R. IVENS, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Isaac Jones, was indicted by the grand jury in Macon county for burglary. When Jones was arraigned, being represented by counsel, he waived a jury and pleaded guilty and was thereupon sentenced to the St. Charles School for Boys. Later this judgment was set aside and he was sentenced by the circuit court to confinement in the State reformatory at Pontiac. The cause has been brought to this court by writ of error, reversible error on the record being alleged.

It is contended that error was committed in that the plea of guilty was not properly explained to plaintiff in error by the trial judge, as required by law. It appears that plaintiff in error's grandmother swore to an affidavit, which was originally in the record filed in this court, denying that plaintiff in error had been properly admonished by the trial court as to the consequences of his plea of guilty. This affidavit was stricken from the record by this court on motion. Both the abstract and the record show that plaintiff in error was admonished by the court as to the consequences of his plea of guilty and that he still persisted in such plea. On this record it must be held, under the former decisions of this court, that compliance was had with the requirement of the statute that the effect of the plea of guilty should be explained to the accused. (*People* v. *Ellsworth,* 261 Ill. 275; *People* v. *Conrad,* 299 id. 473, and cases cited.) Under these authorities the record is not faulty on said question raised by counsel for plaintiff in error.

It is also urged that the trial court committed error in setting aside the judgment against the plaintiff in error which sentenced him to the St. Charles School for Boys and afterwards sentencing him to the State reformatory at Pontiac. The record shows that Jones was past sixteen years of age at the time he committed the offense and that he was sentenced on November 18, at the October term, 1922, of the circuit court of Macon county. The record also shows that on November 25 following, during the same October term of court, the sentence committing him. to St. Charles was set aside and the court committed him to the State reformatory. The record does not show why this change was made, but we assume from what is said in the briefs that the court found that under the statute a person could not be sentenced to the St. Charles school if over sixteen years of age, but should be sentenced on the record, when the crime was committed after reaching such age, to the State reformatory, and that when the fact was

ascertained that a mistake was made in sentencing plaintiff in error to the St. Charles school, after the sentence was entered, and during the same term, on motion of the State's attorney of Macon county the court set aside the order committing to the St. Charles school and entered another order committing plaintiff in error to Pontiac. The circuit court in this State retains jurisdiction over a judgment during the term at which it was rendered and may for proper cause vacate the judgment during the term, and in a criminal case may, while such order remains unexecuted, and before the accused has begun to serve under his sentence, commit him to a proper institution designated by law, under his plea of guilty. *People* v. *Leinecke,* 290 Ill. 560; *People* v. *LaBuy,* 285 id. 141.

Counsel for plaintiff in error appear to rely in their argument on the point that the court improperly set aside the order committing plaintiff in error to St. Charles and changed the order at the same term to commitment to Pontiac, on *People* v. *Smith,* 253 Ill. 283, and *People* v. *Kielczewski,* 269 id. 293. A reading of the opinion in the first case would seem to authorize the trial court to change the order of commitment, as was done here, when it was found that a mistake had been made in committing to the wrong institution, and we see nothing in the reasoning of *People* v. *Kielczewski* that would in any way conflict with the conclusion herein reached on this point.

It is manifest from the record and briefs that the age of the plaintiff in error was fully understood by all parties connected with the case at the time the plaintiff in error pleaded guilty, and that plaintiff in error was not in any way misled by the corrected order committing him to the reformatory at Pontiac instead of to the St. Charles School for Boys.

We find no reversible error in the record, and the judgment of the circuit court of Macon county will be affirmed.

*Judgment affirmed.*