# BALTIMORE CITY COURT.

Filed November 14, 1928.

STATE OF MARYLAND, EX REL. FANNIE MYERS. ON BEHALF OF ANDREW REID MYERS,

VS.

PATRICK BRADY, WARDEN OF THE MARYLAND PENITENTIARY.

*Ellis Levin* for petitioner.

*Herbert R. O'Conor,* State's Attorney, and *William H. Maynard,* Assistant State's Attorney, for respondent.

DENNIS, C. J.—

The facts are undisputed and those essential to this issue are as follows:

Andrew Reid Myers was tried upon three indictments in the Criminal Court of Baltimore City, wherein he was charged with the larceny of automobiles and found guilty in each case, viz., on March 15th, 1920, on March 24th, 1920, and on April 16th, 1920. He

was arrested January 31st, 1920, sent to jail and there held, in default of bail, pending trial and sentence.

On May 6, 1920, he was sentenced upon each of said indictments—sentences to run concurrently—to serve a term of ten years in the Maryland Penitentiary. On the same day he took an appeal to the Court of Appeals, his attorney making oath that the appeal was not taken for purposes of delay, etc. The decision upon appeal was against him, and on February 5, 1921, the mandate from the Court of Appeals was received by the Clerk of the Criminal Court.

On February 7, 1921, three commitments were issued by the Clerk and delivered to the warden of the penitentiary, wherein no mention occurs of the date of sentence, May 6, 1920, but the commitments command the warden to hold Myers, etc., for the term of ten years from February 7, 1921; and he was on that day taken from the jail to the penitentiary.

From the date of sentence, May 6, 1920, and pending his appeal to the Court of Appeals, down to February 7, 1921, a period of ten months, Myers was confined in the Baltimore City Jail.

The sole question to be decided here is whether Myers' ten-year sentence is to be computed from May 6, 1920, the date of sentence, and the beginning of his actual confinement after sentence in the jail, or February 7, 1921, the date of his removal to the penitentiary. That is to say, whether the ten months so spent in jail operates as a credit on his ten-year term.

Mr. W. P. Kennedy, chief deputy warden of the penitentiary, testified that Myers' conduct in the penitentiary had been such as to entitle him to the commutation of 60 days per year for good behavior, according to the rules and discipline of that institution; and that assuming his ten-year term be computed as from May 6, 1920, he was entitled to be at large after about eight years and four months confinement; which expired some two months ago.

Myers' counsel very frankly stated that while in the jail Myers escaped and was at large one day before his recapture. But that incident apparently was officially unnoted or was at least ignored by the penitentiary management, according to Mr. Kennedy, in testifying to the credit due Myers for good behavior.

Apparently there is no case wherein the Court of Appeals of Maryland has passed upon the point, to wit, may his time in jail after an appeal of Myers' own seeking (he being unable to secure his release on bail) pending the mandate of the Court of Appeals, rather than in the penitentiary, be credited to him?

The only favorable authorities called to the Court's attention are:

Ex parte Sichofsky, 273 F. 694.

In re Jennings, 118 F. 479.

Both these cases, though not exactly analogous, seem to sustain the contention of Myers' counsel that the period spent in jail should be credited against the ten-year term to meet the ends of general equity in the premises.

For from the practical viewpoint it is clear that Myers has served the term (and more if credited with time off for good behavior) which the trial Court intended he should serve by way of punishment for his several crimes. If no statute intervenes, which must be obeyed, manifestly the ends of substantial justice would be best served by giving him the benefit, as a part of his ten-year term, of the ten months spent in jail from May 6, 1920, to March 7, 1921. This Court would unhesitatingly order his release unless restrained by the provisions of Art. 5, Sec. 86, of Bagby's Code, P. G. L., which provides, among other things: "But no appeal in a criminal case shall stay execution of sentence unless the counsel for the accused shall make oath that the appeal is not taken for delay." Myers' counsel elected for him, and effected a stay of sentence, by making such an affidavit, otherwise Myers would have gone at once to the penitentiary to begin the service of his sentence notwithstanding his appeal. By making the affidavit Myers was in a position to be let out on his own recognizance, or upon such other terms as the Court might determine. If at large on any such terms he could not, of course, claim that his sentence began until February 7, 1921.

How can the fact that he was unable to make bail, and secure his freedom pending appeal, as was the case before his conviction and pending trial, affect the law?

This Court is driven to the conclusion that having elected to effect a stay of the sentence by filing by his counsel the affidavit in accordance with the provisions of the statute, that he can not now urge successfully that his sentence was not in fact and in law stayed, nothwithstanding the unhappy circumstance that he was kept in confinement, in default of bail, pending his appeal.

In short, he cannot seek and obtain the benefits afforded by a stay—even if such benefits be theoretical rather than practical—and avoid the penalties incident to his election. While sympathizing with him in his predicament, this Court, failing to share any part of the pardoning power, must be controlled by the clear provision of the statute cited, and hold that his sentence did not begin until after the expiration of the time he sought and secured a stay thereof, to wit, until the Court of Appeals' mandate was made effective on February 7, 1921. Myers must therefore be remanded to the custody of the warden of the penitentiary and the petition will be dismissed.