906

District Court, E. D. South Carolina. June 28, 1929.

No. 2177.

C. T. Graydon, of Columbia, S. C., for petitioner.

J. D. E. Meyer, of Charleston, S. C., for respondent.

GLENN, District Judge. The petitioner is a prisoner who was sentenced in the United States District Court for the District of New Jersey, at Trenton, N. J., on the 1st day of February, 1927, to be confined at hard labor in the United States Penitentiary at Atlanta, in the state of Georgia, for the term of five years on two counts of an indictment involving violations of the Act of February 13, 1913 (18 USCA §§ 409–411), the sentence providing that the terms on each count were not to run concurrently but were to run consecutively, making ten years in all. The term at which the sentence was imposed began on January 18, 1927, and ended on April 4, 1927. The prisoner was received at the Atlanta Penitentiary on February 5, 1927. On April 1, 1927, during the same term at which the prisoner was originally sentenced, the presiding judge who imposed the original sentence on February 1, 1927, passed an order directing that the term of imprisonment of Edward Yutz be modified and changed to read a total of three years at hard labor in the United States Penitentiary at Atlanta, Ga.; the commencement thereof to date from February 1, 1927, which was the date of his original sentence herein. This matter now comes before me upon a petition and a writ of habeas corpus, alleging that the three-year sentence of the petitioner expired by the expiration of law on the 17th day of May, 1929, and that he is now confined in the State Penitentiary at Columbia, S. C., under the order of the United States Prison at Atlanta, Ga., and is within the jurisdiction of this court; and prays for the immediate release of the prisoner.

The superintendent of the South Carolina Penitentiary, in whose custody the prisoner is at present held by virtue of a change of place of imprisonment duly authorized by law, appeared in opposition to the writ, being represented by the United States attorney for the Eastern district of South Carolina, who opposes the application of the petitioner upon the ground that while the order of April 1, modifying the sentence of the prisoner from ten years to three years, was made during the same term of court as the original sentence, yet it was made after the prisoner had begun the service of his sentence; and therefore the presiding judge who originally sentenced the prisoner was without the power to modify or change the sentence on April 1, 1927, after the petitioner had actually commenced the service of the original sentence on February 5, 1927.

Under the authorities of United States v. Murray, and Cook, Petitioner, v. U. S., reported jointly in 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309; Miller v. Snook (D. C.) 15 F.(2d) 68; U. S. v. Howe (C. C. A.) 280 F. 815, 23 A. L. R. 531; U. S. v. Albrecht (C. C. A.) 25 F.(2d) 93; Archer v. Snook (D. C.) 10 F.(2d) 567; Stewart v. U. S. (C. C. A.) 300 F. 769, the application of the prisoner must be denied.

In the Supreme Court cases cited supra, the Supreme Court of the United States, through Mr. Chief Justice Taft, used this language (275 U. S. 347, 48 S. Ct. 146): "The beginning of the service of the sentence in a criminal case ends the power of the Court even in the same term to change it."

Therefore, the order of April 1, 1927, modifying the term of imprisonment of the petitioner from ten years to three years, was void and of no effect. The petitioner's proper channel for relief is through executive clemency, by pardon, or parole.

The statement was made before me in open court that the two partners in crime of the defendant Eddie Yutz, Alphonse Raess and William Naas, have been released from the imprisonment imposed upon each of them. Although legal power is not vested in the District Court to change or modify a sentence after a service of a term is begun, yet the fact that the judge did modify and change the sentence indicates that there must have been some mitigating circumstance brought to his attention. It is unfortunate that the petitioner herein by the operation of

law is not entitled to his discharge, but it resolves itself into a matter entirely with the Attorney General of the United States and the power of executive clemency vested in the President of the United States. There is no question about the fact that the sentence was modified by the presiding judge during the term in which sentence was passed. If this sentence had been modified before the petitioner herein was actually delivered to the United States Penitentiary at Atlanta, he would have been entitled to the benefit of such modification. These facts are recited herein solely for the purpose of showing that any commutation or modification which the petitioner is entitled to will of necessity be granted by the President of the United States. In the discretion of the President under the Constitution he has a right to consider all of the facts and circumstances in the case, including the modification of the sentence, in reaching his conclusion as to the question of executive clemency.

Let the petitioner, Edward Yutz, be remanded to the custody of James N. Pearman, superintendent of the South Carolina Penitentiary, for the service of the original sentence imposed.