## HYNES v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit. November 21, 1929.

No. 4231.

Louis P. Piquett, of Chicago, Ill., for appellant.

Henry L. Balaban, of Chicago, Ill., for the United States.

Before EVANS and PAGE, Circuit Judges, and LINDLEY, District Judge.

PAGE, Circuit Judge. Appellant was sentenced, on a plea of guilty, to serve 60 days in the Kane county, Ill., jail. It does not appear that the mittimus, made out on this sentence, on the same day, was delivered to the marshal. On the day of this first sentence, appellant again appeared in court, the judgment was set aside, appellant was given the right to withdraw his plea of guilty, again pleaded guilty, and was sentenced to three years in the penitentiary at Leavenworth.

The sole question is, Is the second sentence valid? In criminal cases, where a sentence is valid and the defendant has commenced the service of the sentence, the court thereupon loses all power over the case, even during the same term. U. S. v. Murray, 275 U. S. 347, 358, 48 S. Ct. 146, 72 L. Ed. 309; Ex parte Lange, 18 Wall. 163, 168, 21 L. Ed. 872. For general discussion, see 8 Ruling Case Law, § 246 et seq., p. 243; 16 Corpus Juris, § 2096 et seq., p. 1313. The legality of the first sentence is not in question. Unless there is a statutory provision, or a provision in the judgment as entered, that the service shall begin at a specified time, service begins when the prisoner is delivered into the custody of the officer at the prison where the sentence is to be served. U. S. v. Howe (C. C. A.) 280 F. 815, 819, 23 A. L. 531; Miller v. Snook (D. C.) 15 F.(2d) 68; Yutz v. Pearman (D. C.) 33 F.(2d) 906; Commonwealth v. Weymouth, 2 Allen (Mass.) 144, 147, 79 Am. Dec. 776; People v. Jones, 308 Ill. 125, 127, 139 N. E. 122; 16 Corpus Juris, § 3119, p. 1327; Clifford v. Maryland, 30 Md. 575. Under the federal statute (U. S. Code, tit. 18, § 710 [18 USCA § 710]), providing for deductions from sentences for good conduct, it is stated how the terms of the prisoner's sentence is to be estimated, viz. "commencing on the first day of his arrival at the penitentiary, prison, or jail." We find no other statutory provision affecting the question.

Judgment is affirmed.