**EYLER v. ADERHOLD, Warden.**

**No. 7182.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1934.

Walter Eyler, of Leavenworth, Kan., in pro. per.

H. T. Nichols, Sp. Asst. to U. S. Atty., of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment denying a writ of habeas corpus to release appellant from the Federal Penitentiary at Atlanta, Ga.

While the record is unsatisfactory, it sufficiently appears therefrom that appellant pleaded guilty to an indictment returned in the Middle District of Tennessee charging unlawful transportation of a motor vehicle in interstate commerce and, on December 5, 1930, was sentenced to serve two years and six months in the Federal Penitentiary at Atlanta, Ga. He was removed to the federal prison camp at Camp Lee, Va., and escaped from that place on May 5, 1931. He was apprehended, indicted for the escape, pleaded guilty, and on May 23, 1932, was sentenced to serve one year and one day. The judgment recited that the sentence imposed be in addition to any sentence then being served and imposed against him in another jurisdiction. This is substantially in conformity to the statute, Act of May 14, 1930, § 9 (18 US CA § 753h), which provides that the sentence shall begin after the expiration of the sentence being served when the prisoner escaped. On the last sentence he was again confined in the Atlanta Penitentiary. His petition for a writ of habeas corpus was filed August 21, 1933. It is clear that appellant had served seventeen months before his escape and about fifteen months after his return to the penitentiary when his petition was filed and that the original sentence had then expired. He is now confined under only the second sentence. He contends that under the provisions of the Act of June 29, 1932 (18 USCA §§ 709a and note, 710a, 716a, 716b), which repeals all laws inconsistent therewith, the second sentence was to run concurrently with the first from the time he was again incarcerated in the penitentiary and since that sentence had also expired and he is entitled to his release.

The Act of June 29, 1932 (18 USCA § 709a), provides: "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

Cumulative sentences that run consecutively are valid at common law and generally in the various states. 1 Bishop's New Criminal Practice § 1327. Sentences, on different counts of an indictment or on different indictments, to be served consecutively, imposed by federal courts have always been considered valid. Ex parte Henry, 123 U. S. 372, 8 S. Ct. 142, 31 L. Ed. 174; United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309. In view of the settled jurisprudence, the Act of June 29, 1932, cannot be given the construction contended for by appellant unless clearly demanded by its terms.

It has always been the rule, in the absence of statute, that if the commitment is silent as to the date the sentence shall begin to run it will commence with the date of delivery to the designated jail. Prior to the adoption of the Act of June 29, 1932, it was quite usual in sentencing a convicted person to impose the statutory penalty and give credit for such time as he had been confined in jail awaiting trial. This sometimes led to an arbitrary construction of the commitment by the jailer, which tended to deprive the prisoner of the credit intended to be given by the court. It also frequently happened that after sentence the prisoner would be detained in a local jail awaiting transportation to the penal institution in which he was to be confined for the service of the sentence. Credit on the term could not be given for this imprisonment unless the commitment so provided. It is to be presumed that Congress intended to prevent situations such as these that might be detrimental to the rights of the prisoner as well as to make certain the date when a sentence legally began, something very necessary for the reasonable and proper application of the parole laws. Of course, a judge may take into consideration the time a person has remained in jail awaiting trial in imposing the sentence and if, through an unavoidable delay or the carelessness of the marshal, his delivery to a penitentiary or other penal institution is postponed, his rights will not suffer. Furthermore, the wording of the statute is consistent with the conclusion that Congress did not intend to interfere with the discretion of the trial judge, in imposing a second sentence or sentence upon each of various counts of an indictment, to order the sentences to be served concurrently or consecutively. The act provides sentence shall commence to run from the date the prisoner is received at the penitentiary for the service

of sentence, not merely from the date he is received. A prisoner serving one sentence is not delivered to a jailer for the service of a second sentence until the first sentence has legally expired.

To give effect to appellant's contention we would be obliged to hold that Congress intended to overturn the established jurisprudence on the subject; also we would be obliged to hold that Congress intended to repeal the Act of May 14, 1930, in so far as it provides that a sentence under that act shall begin to run after the expiration of the sentence being served when the escape occurred, as it is apparent that in many instances there could be no punishment because the sentence for the escape, running concurrently with the original sentence, might expire first. There is nothing in the Act of June 29, 1932, that would support such construction. The conclusion we reach is that the act does not prevent the imposition of cumulative sentences to be served consecutively.

Other contentions of appellant are not supported by the record, are entirely without merit, and require no discussion.

Affirmed.