## TRANT v. UNITED STATES.
### No. 6219.

Circuit Court of Appeals, Seventh Circuit.
June 19, 1937.

---

[3] Service Life Ins. Co. v. Weinberg (C. C.A.) 81 F.(2d) 359; State Mutual Life Assur. Co. v. Stapp (C.C.A.) 72 F.(2d) 142.

Joseph R. Roach, of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., and A. Bradley Eben, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

Mr. Leo Trant was tried and convicted of violating the counterfeiting laws of the United States and sentenced to serve a term of ten years in the penitentiary. On appeal this judgment was affirmed by this court.

The mandate of this court was duly issued and reached the District Court on the 23rd day of March, 1937. Trant then sought probation, but the Marshal took him into custody before his application was presented to the court. His application was filed March 30, 1937. The Marshal took him into custody on March 29, 1937, by virtue of a commitment issued by the clerk under authority of said mandate.

The District Judge deemed himself powerless to hear the application because Trant had been taken into custody in execution of said sentence before the application was made to him.

Appellant appeals from the order dismissing his petition for probation.

EVANS, Circuit Judge.

Was the District Court without jurisdiction to hear the application for probation?

The District Judge very frankly and fairly set forth his position. From his statement in the order dismissing the petition, we quote:

"This Court declines to consider this petition on the sole ground, based upon the foregoing facts, that it has no jurisdiction to do so, because the said petitioner is in custody of the Attorney General, in execution of said sentence.

"Therefore, for said sole reason, said petition for probation is dismissed.

"And exception is therefore granted to the petitioner, Leo Trant, to the entry of this order."

From this language we understand the court did not pass on the merits of the application, because of lack of authority so to do. In other words, the application was presented after the petitioner was "in the custody of the Attorney General, in execution of said sentence" and therefore was too late.

The authority to place one under sentence on probation must be found in the statute. We must look to the same authority to find the limitations upon the court's authority to act.

The authorities clearly support the major premise of the court's ruling. After one under sentence has entered upon the service of his sentence, the court's power to grant probation is terminated. Cook v. United States, and United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; United States v. Albrecht (C.C.A.) 25 F.(2d) 93; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Cisson v. United States (C.C.A.) 37 F.(2d) 330.

The vital and determinative question then is, When does the service of a sentence commence? In other words, where the marshal takes the party under sentence into custody and places him in a local jail pursuant to the sentence and the mandate of the Circuit Court of Appeals, has he commenced the service of his sentence?

Section 709a of title 18 U.S.C.A. reads as follows:

"*Time when sentence begins to run.* The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

The above quoted language of the statute leaves little or no room for doubt or debate. Trant was in the local jail when

he made his application. He had been taken into custody "by virtue of the commitment." It follows therefore that the proviso of section 709a applies unless it can be said that he was not in custody "to await transportation to the place at which his sentence is to be served."

We must take judicial notice of the procedure followed in this district where individuals are sentenced to serve time in a penitentiary chosen by the Attorney General. The Marshal does not depart for the penitentiary every hour or day. He goes at stated intervals unless, happily, there is no one to be conveyed. Thus economies are effected, for one officer conveys more than one prisoner. It is apparent, we think, that Trant was taken into custody preparatory to taking him to the penitentiary at Leavenworth and his case is controlled by section 709a.

We are not prepared to say that applications for probation may be defeated by an over-zealous marshal acting under the direction of an over-zealous prosecuting attorney. As we view the statute, one under sentence and before sentence begins may apply for probation. That right should not be denied or cut off by the hasty action of a marshal. We can conceive of a case where an application, diligently presented, might be defeated by the over-prompt action of the marshal. In such a case, we think, the District Court might release the applicant temporarily from the custody of the marshal or direct the recall of the mittimus so that the prisoner might file his application. Of course, the court would not so rule unless convinced that the imprisoned party had been intentionally denied his statutory right to seek probation through the improperly motivated action of the officer.

There is not a scintilla of evidence in the record before us to suggest that the Marshal was thus prompted. The mandate of this court was filed in the District Court approximately a week before the officer took Trant into custody.

Moreover, it was entirely proper that the officer proceed diligently in carrying out this sentence. The sentence was pronounced on the 25th day of April, 1936. A year had elapsed before his sentence was begun.

The order is affirmed.