## SMITH v. SWOPE, Warden.
### No. 8509.

Circuit Court of Appeals, Ninth Circuit.
June 30, 1937.

John J. Sullivan and Everett O. Butts, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court denying to appellant, Carey Smith, a writ of habeas corpus. The appel-

lant grounds his petition for a writ upon the contention that he is being unlawfully deprived of his liberty by appellee, Swope, Warden of the United States Penitentiary at McNeil Island, Wash.

The facts are set out in the pleadings and exhibits attached thereto. Two indictments were brought against Smith in the United States District Court for the Southern District of California, each containing several counts charging him with the offense of impersonating a federal officer, 18 U.S.C.A. § 76, Criminal Code § 32. He pleaded guilty in both cases. On the first indictment he was sentenced to three years' imprisonment on each of two counts, the sentences to run concurrently. On the second indictment he was sentenced to three years' imprisonment on each of four counts, the sentences to run concurrently and to commence at the expiration of those imposed in the first indictment.

■ These sentences were imposed on June 2, 1930, and commitments thereon were issued on that day. Hence, if appellant has served his time under these judgments, there is no lawful reason for detaining him of his liberty after June 2, 1936.

In February, 1931, appellant was sentenced in the District Court for the Northern District of California upon three counts of an indictment charging the same offense for which he was sentenced in the Southern District. The judgment and order of commitment in the Northern District imposed two years' imprisonment upon each count, to run concurrently with each other and concurrently with the terms imposed on the former indictments in the Southern District. Hence it is apparent that this 1931 sentence and commitment affords no warrant for detaining the appellant after June 3, 1936, if by that time he had discharged his sentence under the previous indictments.

Each commitment issued pursuant to the sentence imposed in the Southern District, recited:

"NOW this is to command you, the said marshal, to take and keep and safely deliver the said Carey S. Smith into the custody of the Keeper or Warden, or other Officer in charge of said U. S. Penitentiary *forthwith*."

The marshal neglected to carry out the commitment order issued to him, but, as appellant's petition alleges, without denial by the respondent:

"That the United States Marshal for the Southern District of California did not act in obedience to said orders of commitment, or either of them, and did not deliver as required by said orders of commitment, your petitioner into the custody of the said keeper or warden or other officer in charge of said United States Penitentiary *but retained custody of your petitioner,* and held him in the County Jail of the County of Los Angeles, State of California, at which place he surrendered your petitioner, over petitioner's objections and protests, to the authorities of the County of Los Angeles of the State of California. * * *" (Italics supplied.)

■ It is a proper inference from this uncontradicted allegation that, appellant being in custody at Los Angeles in the county jail, the commitment order "to keep" the prisoner means keep him in the Los Angeles jail until time to take the train for McNeil Island in the state of Washington. We cannot shut our eyes to the fact that there must have been an interval of time when the commitment order necessarily required him to be "kept" where the marshal then held him. 18 U.S.C.A. § 709a. Trant v. U. S. (C.C.A.7, decided June 19, 1937) 90 F.(2d) 718.

The reason for this, as appears from the warden's pleading in the present case, was that on May 14, 1930, an information charging forgery had been filed against appellant in the municipal court of the state of California. On June 19, 1930 (after he had been sentenced and committed by the United States District Court), he pleaded not guilty to this charge. On July 31, 1930, he changed his plea to one of guilty and was sentenced to a term of from one to fourteen years in the California State Prison.

Having been released by the United States marshal to the custody of the officers of the state, the appellant served time in state prisons until June 16, 1935, at which time he was released on parole and was given over to the custody of the United States marshal who incarcerated him in McNeil Island Penitentiary, where he still remains, ostensibly serving his time under the federal court sentences.

■ The question thus presented is a very simple one: When a defendant is sentenced to prison and the marshal having him in custody is ordered to deliver him to the prison "forthwith" and fails to do so until five years later, is the prisoner's service of his sentence deemed to begin at the time of his sentence and the commitment and cus-

tody thereunder by the marshal, or at the date of the tardy actual commitment to prison?

To state the question is to answer it. The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to courts of justice, let alone their ministerial officers. Citation of authority is hardly needed to establish so elementary a proposition. In re Jennings (C.C.) 118 F. 479, 481; Albori v. United States (C.C.A. 9) 67 F.(2d) 4, 6. And see White v. Pearlman (C.C.A.10) 42 F.(2d) 788, 789.

The appellee does not contest this proposition but contends that the instant case discloses circumstances which remove it from the general rule. It is argued that the appellant was first under the jurisdiction of the state court by virtue of the forgery information which was filed against him there prior to the lodging of the federal indictments, and that the state of California was entitled to have its sentence upon the prisoner executed before he could begin to serve the terms imposed by the federal court.

Whether this is true as an abstract proposition we have no occasion to decide. Whether the state might have surrendered and the United States accepted jurisdiction over the prisoner for a limited period or purpose, and whether, under proper orders of the court, the prisoner's state and federal sentences might be staggered, interwoven, or served piecemeal, are questions not presented by the record in this case. Certainly the two sovereigns could not be bound to such an agreement by the actions of mere subordinate administrative officials such as the state sheriff and federal marshal.

The record in this case shows a sentence of the United States District Court and a commitment issued pursuant thereto commanding the marshal, then having custody of the prisoner, to deliver the defendant to prison "forthwith." It is not contested that the court had jurisdiction to pronounce the sentence and issue the order of commitment. Such jurisdiction is not defeated by a mere showing that at a previous time there was jurisdiction over the prisoner in the municipal court of the state of California and with no evidence of a limitation on the federal jurisdiction at the time of the issuance of the commitment.

The order is reversed and the District Court ordered to grant the writ as prayed.

Reversed.

HANEY, Circuit Judge (dissenting).

The judgment first pronounced in the federal court did not fix the time when the sentence was to begin. The commitments commanded the marshal to deliver appellant to the penitentiary "forthwith."

In Hill v. Wampler, 298 U.S. 460, 465, 56 S.Ct. 760, 762, 80 L.Ed. 1283, it is said: "The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." Inasmuch as the judgment did not fix the time when the sentence was to begin to run, it is necessary to determine when the sentence began under the first indictment.

18 U.S.C.A. § 709a, enacted June 29, 1932, provides: "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

It is quite clear that appellant does not come within the proviso, for he was committed to the marshal not "to await transportation," but to be transported forthwith. Therefore, under that statute appellant's

term began to run when he was received by appellee at the government penitentiary.

The ex post facto clause in the Constitution "forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer." Lindsey v. State of Washington, 57 S.Ct. 797, 799, 81 L.Ed. ——, decided by the Supreme Court of the United States May 17, 1937. If, prior to the passage of 18 U.S.C.A. § 709a, the law was that the term, under such circumstances as here, began to run on the day of sentence, the above statute could not be applied because appellant's position would be altered. On the other hand, if, prior to the passage of the statute, the law was the same as what is provided in the statute, then such statute is controlling and the order should be affirmed.

In Eori v. Aderhold (C.C.A.5) 53 F. (2d) 840, 841, it is said that the sentence begins to run on the day the prisoner is delivered into the custody of the officer at the prison where the sentence is to be served. Hynes v. United States (C.C.A.7) 35 F.(2d) 734, 735, is a like holding. This is the general rule as stated in 16 C.J. 1372, § 3228. However, in Eyler v. Aderhold (C. C.A.5) 73 F.(2d) 372, 373, the rule in Eori v. Aderhold, supra, was modified, the court saying: "It has always been the rule, in the absence of statute, that if the commitment is silent as to the date the sentence shall begin to run it will commence with the date of delivery to the designated jail."

This was followed in Edwards v. Aderhold (C.C.A.5) 73 F.(2d) 374, certiorari denied 294 U.S. 725, 55 S.Ct. 640, 79 L.Ed. 1256. I believe such modification to be erroneous, for as said in Hill v. Wampler, supra, 298 U.S. 460, 465, 56 S.Ct. 760, 762, 80 L.Ed. 1283: "A warrant of commitment departing in matter of substance from the judgment back of it is void."

In 8 R.C.L. 232, § 230, it is said that the general rule is that the sentence begins on the day of sentence, in the absence of statute. I believe the authorities show that the rule, as stated, is not a general rule, but a minority rule.

In Albori v. United States (C.C.A.9) 67 F.(2d) 4, 7, the prisoner was convicted in the federal court, and judgment was pronounced. He appealed to this court. While the appeal was pending, he was convicted in the state court on indictments returned during the time the appeal in the federal case was pending. He appealed from the state court judgment, and, while such appeal was pending, this court affirmed the judgment of the federal court in the first appeal. The federal court, while the state appeal was pending, ordered the marshal to execute the commitment. When the appeal in the federal case was taken, the prisoner was released on bond, but he was taken into custody when he appealed from the state court judgment, and was in a county jail at the time the federal court ordered the marshal to execute the commitment. Inasmuch as the prisoner was sentenced to the same jail where he was then confined by the state, the marshal merely notified the state officer in whose custody the prisoner was, to hold him pursuant to the federal commitment.

Before the prisoner had completed his sentence under the federal judgment, the conviction in the state court was affirmed, and the prisoner was released to state officers to serve the state sentence. After that sentence was completed, he was taken into custody by federal officers to complete his federal sentence. The federal sentence had expired if service began on the date the federal court ordered the marshal to execute the commitment. This court so held, saying that the failure of the marshal to execute the commitment did not postpone the beginning of the sentence, because "The prisoner being safely confined in the county jail, where he was ordered to serve his sentence, there was no office for the commitment to perform."

I understand that case to hold that service of the federal sentence began on the day the court ordered the marshal to execute the commitment, not because the order was made on that day, but because the prisoner began his incarceration under the previously declared judgment on that day. The case is therefore in accord with the majority rule, independent of statute, that service of sentence begins at the time of actual incarceration.

It therefore appears that the statute is merely declaratory of what the rule was prior to its enactment, and therefore, since the application of the statute could not prejudice appellant, we should apply it. Under that statute, appellant's sentence began when he was delivered to appellee at McNeil's Island. However, under the statute or under the law independent thereof, I believe the challenged order should be affirmed, and therefore dissent.