THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO MARRERO NIEVES, Defendant and Appellant.

No. 13097. Argued June 8, 1948.—Decided June 14, 1948.

*J. L. Feliú Pesquera* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

When on June 4, 1947, this case was called for trial, the defendant ratified his plea of not guilty; but following the testimony of two witnesses for the prosecution and the announcement by the district attorney that he waived the remaining evidence since it was cumulative, the defendant withdrew his aforesaid plea and pleaded guilty of the crime charged. The court then set the following day, the 9th, for pronouncing sentence, at which time it sentenced the defendant to a term of from one to two years in the penitentiary, at hard labor. Two days afterward, that is, on June 11, the defendant filed in said court a motion praying that he be accorded the benefits granted by the Probation Act, No. 259 of April 3, 1946 (Laws of 1946, p. 534). After the motion was set for hearing, on the 30th of the same month, the lower court issued an order suspending the effect of the sentence and granting the defendant the benefits requested. On October 31 following, the district attorney filed in said court a motion praying that the suspension of the sentence granted to the defendant be set aside and that defendant be taken into custody. The defendant filed an opposition thereto, and after a hearing was held, the court, on November 12 of the aforesaid year, rendered judgment (*sic*) granting the motion of the district attorney, vacating its order of June 30, and ordering the commitment of the defendant to the insular penitentiary.

Although the defendant appealed to this Court from the judgment originally entered against him as well as from the one rendered on November 12 of last year, in his brief he does not challenge at all the original judgment of June 9 and

856

confines himself to the contention that the lower court erred in vacating the order whereby his sentence had been suspended and in not setting aside the latter.

█ The errors assigned lack merit. As we have already stated, the defendant was sentenced on June 9, 1947, and his motion praying for the suspension of the effects of the sentence was not filed until two days afterward, when he was already confined in the penitentiary and, hence, had already started to serve the sentence. This Court has already held that in order that a defendant may be accorded the benefits of the cited Act No. 259 of 1946, it is necessary that he file an application therefor before service of the sentence pronounced against him is begun. *Alcalá* v. *District Court*, 66 P.R.R. 409. See also *United States* v. *Murray,* 275 U.S. 347; *Trant* v. *United States,* 90 F.(2d) 718; and 55 Harv. Law Rev. 1210. The motion should have been denied on that ground alone.

█ In arguing the errors assigned, the appellant urges that it was incumbent on the district attorney to show by means of authentic evidence that, as a matter of fact, the defendant had begun to serve his sentence. This contention is also groundless. Section 329 of the Code of Criminal Procedure provides that if the judgment rendered against a defendant is for imprisonment, he must forthwith be committed to the custody of the proper officer. The judgment is therefore forthwith executory and the only way in which the defendant may be released from custody is by furnishing the bail bond required in connection with his appeal. Undoubtedly, the lower court took judicial notice of the above legal rule, and upon noticing from the record that the defendant was not under bond, it necessarily concluded that he was serving his sentence at the time he filed said motion. The court so stated when it vacated the order of June 30 granting the appellant the benefit of the aforesaid Act.

██ The suspension of the effects of a judgment under the Act of 1946 rests entirely in the sound discretion of the

trial court. *People* v. *Emmanuelli,* 67 P.R.R. 626; *United States* v. *White,* 147 F.(2d) 603. However, if said court becomes aware that it has abused its discretion, that it has exceeded the powers granted to it by the above-mentioned Act No. 259, or that it has erred in suspending the effects of the judgment of conviction, there is nothing to prevent it from vacating the order whereby it granted such benefits to the defendant. This also happens when the defendant does not adjust himself to the terms of the judgment on probation.

 In view of the character of the offense involved in this case, the district court should have never granted the benefits to which we have referred, no matter what the report of the probation officer may have been. Cf. *People* v. *Emmanuelli, supra.* Said offense is characterized by our Penal Code as the "infamous crime against nature." The commission thereof carries with it moral degradation and is, undoubtedly, one of the most denigrating offenses included in our codes. In *People* v. *Castro,* 63 P.R.R. 454, which involved an identical crime, this Court at the close of its opinion said:

". . . The man who abuses the innocence and weakness of a child, and uses him to satisfy his animal instincts, deserves no pity since he had none for the ignorant and defenseless child."

The victim in the present case was also a minor.

For the additional ground relating to the character of the crime involved herein, the lower court would have been justified in acting as it did when it vacated its order of June 30, 1947.

The judgments appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.