Thomas 0. Chimera, J.
The issue concerns itself with a period of eight days spent by relator in the Raymond Street Jail subsequent to relator’s conviction and sentence and prior to his transfer to the penitentiary on Rikers Island. He was sentenced to a one-year term. Both institutions are under the supervision and control of the New York City Department of Correction.
In his calculations the defendant Warden gives no credit for this period assuming it to be lost to relator. He reasons that it is neither jail time served before a conviction (Penal Law, § 2193), nor part of the term of imprisonment as defined in section 231 of the Correction Law which “ shall begin on the date of his actual incarceration in a * * * penitentiary ’ ’.
The District Attorney agrees with the Warden that there is no specific statutory provision for allowing the. credit but states on the record that it has been the policy of his office not to oppose the granting of such credit by the court. I think the courts should not be content to wrest a man’s right to freedom from incarceration on transient policy.
Obviously the eight days involved here may not be credited to jail time pursuant to section 2193 of the Penal Law, because this statute deals only with commitment prior to sentence. Nor does section 231 of the Correction Law foreclose the right of this relator to be so credited. That statute does not concern itself with credit for time actually served at all.
Section 231 must be read in connection with the entire article 9 of which it is only a part. The article establishes a “ blueprint ” by which the Warden is authorized to make “ Discretionary Reductions of Sentences ”. The section establishes *461 the perimeter of the period to he considered by the Warden and nothing else.
The rationale for allowing the credit does not rest on the express language of these statutes, but on the spirit of them which in justice seeks to acknowledge time already served and in mercy provides for shortening the period of time remaining to be served.
These “limbo” periods have been euphemistically called “transportation time” and experience shows that they have varied in many cases from a matter of days to months because of the “ difficulties and conveniences of administration ”. These delays are explainable when the prisoner is removed from the jurisdiction of one to that of a different correction authority, but less understandable when the same correction authority controls both places of incarceration as well as the means of transportation.
Call it what you will — jail time, penitentiary time, transportation time — the fact still remains that it is time served by a prisoner after sentence and the restraint is imposed because of the sentence and for no other reason.
Whatever may be the shortcomings of the legislative process, I doubt that the Legislature ever intended to grant the Department of Correction the extra-judicial authority to extend a definite sentence so clearly enunciated and carefully considered by the sentencing judge, by the simple expedient of delaying his transfer from one institution to another.
I assume that there are valid reasons for these delays but I cannot agree that justice is best served by a system that makes this possible, and makes it possible too, in a hypothetical case, to deny one of two defendants identically sentenced the equal protection of the law, by restraining him of his liberty for a longer term merely because his “transportation time” was allowed to continue for a greater period.
The “ difficulties of administration ” are of course the legitimate concern of the Department of Correction but courts should not sit idly by while the resolution of these “ difficulties ” adds “ interest ” to a prisoner’s “ debt to society ”.

The two statutes above cited were designed to confer a benefit upon the person lawfully detained. They may not be interpreted to Ms detriment!

Defendant Warden is directed to credit relator with the eight days in question and to recalculate the balance of relator’s sentence remaining to be served in accordance with the memorandum and order entered herein.