■ The People of the State of New York ex rel. Robert Poole, Appellant, v. J. Leland Cassoles, as Superintendent of the Ossining Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered September 2, 1970, which dismissed the writ. Judgment affirmed, without costs. No opinion. Martuscello, Acting P. J., Latham and Benjamin, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and to credit relator with the jail time in question, with the following memorandum, in which Christ, J., concurs: Section 487 of the Code of Criminal Procedure requires that, upon sentencing, a prisoner be delivered " forthwith " to the proper officer to begin execution of sentence. Relator was arrested and indicted in Suffolk County in January, 1969 for felonious possession and sale of a dangerous drug. In April, 1969, he was released on bail. Thereafter, in May, 1969, he was arrested for robbery in Bronx County and remanded to the Bronx House of Detention to await trial. On August 26, 1969, a writ of habeas corpus ad prosequendum was issued by a Justice of the Supreme Court, Suffolk County, directing the authorities of the Bronx House of Detention to bring relator to Suffolk County for trial on August 27, 1969 in connection with the prior felony. The writ provided that after completion of the proceedings in Suffolk County the prisoner was to be " remanded to the place from whence he came ". On September 22, 1969, relator was sentenced by the Supreme Court, Suffolk County, to an indeterminate term of up to four years in Sing Sing Prison and committed to the custody of the State Department of Correction for execution of sentence. However, he was not remanded to the custody of Department of Correction officials at Sing Sing, but was instead sent back to the Bronx House of Detention to await trial in Bronx County. In April, 1970, he was convicted, upon his plea of guilty, and remanded to Sing Sing Prison. He received no credit for this seven-month

period served in Bronx County toward his Suffolk County sentence, since subdivision 3 of section 70.30 of the Penal Law allows credit only for time served before sentence. Further, it is claimed that his Suffolk County sentence did not begin to run, since former section 231 of the Correction Law (since repealed) provided that a term of imprisonment shall begin when a prisoner is actually incarcerated in a State prison or penitentiary. In my opinion, such a result is unjust and inequitable. Former section 231 of the Correction Law was repealed by the Laws of 1970 (ch. 476, § 45) retroactively to the effective date of the present Penal Law [September 1, 1967], with an exception not here relevant. In any event, that section must be read in light of the mandate of section 487 of the Code of Criminal Procedure, which provides that, upon sentencing, a prisoner shall be delivered "forthwith" to the proper officer, and section 489 of the code, which places a duty upon the Sheriff to deliver the body of the defendant to the keeper of the prison where he is to be imprisoned. Here, in apparent reliance upon the prior writ, the Sheriff ignored the mandate of the order of commitment to deliver relator to Sing Sing Prison and delivered him instead to the Bronx House of Detention, thereby preventing execution of sentence. The writ of habeas corpus *ad prosequendum,* issued August 26, 1969, was superseded by the order of commitment of the same court dated September 22, 1969; and the former therefore gave the Sheriff no authority to relinquish custody over relator to Bronx County authorities in contravention of the direction contained in the latter order and in violation of the plain language of the statute. The rule uniformly obtaining in the Federal jurisdiction is that the law contemplates, and a prisoner is entitled to, prompt execution of his sentence and that, if a ministerial officer such as a sheriff, or even the court itself, releases a prisoner to authorities of a different jurisdiction for trial, after commitment, such action cannot thereby add to the length of his sentence. Under such circumstances, the prisoner is deemed to be serving his sentence from the date he was ordered to serve it if, without his fault, he is not delivered to the custody of the proper authorities to begin execution of the sentence of the court (*Smith* v. *Swope,* 91 F. 2d 260; *Matter of Sichofsky,* 273 F. 694; *Matter of Jennings,* 118 F. 479). I think that in this jurisdiction, under like circumstances, the mandate of sections 487 and 489 of the Code of Criminal Procedure prohibit authorities from detaining a prisoner, for administrative convenience, so as to prevent the commencement of the service of his sentence where, as here, the result is to deprive him of credit for seven months actually served in jail in another county. Accordingly, in my opinion, the respondent should be directed to credit relator with time actually served between the imposition of sentence and his arrival at the State prison (see *People ex rel. Manekos* v. *Noble,* 26 Misc 2d 460). Concededly, relator's present habeas corpus application is premature, since under no circumstances would relator be entitled to immediate release (*People ex rel. Reynolds* v. *Martin,* 3 N Y 2d 217, cert. den. 355 U. S. 885). His proper remedy is a CPLR article 78 proceeding to compel the respondent to credit him with time actually served (see *People ex rel. Henderson* v. *Casscles,* 66, Misc 2d 492). However, the judgment appealed from denied relief on the merits; and an affirmance upon procedural grounds, in light of the opinion at Special Term, would be tantamount to a determination on the merits. Since relator is entitled to credit for the time served, it is not necessary to relegate him to a separate and independent proceeding before such relief may be afforded. Since the facts are undisputed, this action should be treated as a proper application for the relief sought (*People* v. *Nagler,* 21 A D 2d 490). Accordingly, relator should be credited with the jail time in question and respondent should be directed to recalculate the balance of his sentence remaining in accordance with this dissenting memorandum.