Oliver O. Sutton, J.
In this article 78 proceeding, petitioner seeks a judgment directing the respondent Commissioner of the Department of Correction to recompute the jail time credited against his sentence after conviction on a plea of guilty under the first count of Indictment 4148/70 to cover that indictment and also to cover Indictments numbered 1432 of 1971, 1827 of 1970 and 5595 of 1969.
The computation of jail time which is challenged by the petitioner is set forth in a letter to the Superintendent, Sing Sing Correctional Facility, dated May 4, 1972 and signed by Albert G-lick, Warden of the Manhattan House of Detention for Men. The said letter states in part, “ He was sentenced on Indictment no. 1827-70 which also covers Indictment no. 4148-70, 1432-71, and 1827-70 and 5595-69. He has been correctly credited with *880 all jail time applicable to Indictment no. 1827-70, only, * * * Jail time is credited only on the indictment on which he is sentenced.” Moreover, in a letter to the Hon. J. Lee Rankin, Corporation Counsel for the City of New York, dated May 23, 1972 and signed by James S. Latham of the Legal Division of the Correction Department it was stated, “ Since Stanfield was sentenced under Indictment #1827-70 only, his jail time credit of 48 days as set forth in the Warden’s communication (exhibit A in this petition) is correct. If he had been sentenced on all indictments, his jail time would have been computed differently. ’ ’ Thus, it is clear that petitioner’s jail time was computed and allowed only on Indictment No. 1827-70.
The minutes of the plea session, the minutes of the sentencing and the commitment papers show that petitioner was sentenced under Indictment No. 4148-70 and that the said sentence covers Indictments numbered 1432-71, 1827-70 and 5595-69. Excerpts from page 6 of the minutes of sentencing read as follows:
“ the court : This sentence is to cover not only Indictment 4148 but 1432 of ’71,1827 of ’70 and 5595 of ’69.
“ mr. levieh : On the record, your honor, the defendant has been incarcerated approximately one year.
11 the court: He gets credit for all time. That’s automatic.” These documents reveal that the Correction Department’s communications explaining their method of computing the jail time in question here are in error in at least two particulars. First, they cite the incorrect indictment number under which petitioner was sentenced. Second, after citing the incorrect indictment number they list that indictment number again as being covered by the indictment. However, had the Correction Department cited the correct indictment number under which the plea was taken, its computation of time would have been no days, as the records reflect that under Indictment number 4148 the defendant was bailed out on the same day he was arrested. The question before the court is, was the Correction Department correct in its interpretation of subdivision 3 of section 70.30 of the Penal Law as to the computation of defendant’s jail time?
It is the contention of the Correction Department that they are mandated by subdivision 3 of section 70.30 of the Penal Law to compute a defendant’s jail time as indicated in their communications.
The court holds that this interpretation of subdivision 3 of section 70.30 of the Penal Law is erroneous. The pertinent part of that section provides: ‘ ‘ The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a *881 person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.”
The court takes the position that when there are multiple indictments before the court for its consideration, and a plea is taken under one indictment to cover all other indictments, all indictments actually merge into one. Any other interpretation would be grossly unfair and unjust to the defendant. As the defendant stood before the court in this case, the Assistant District Attorney, as they do in each case where this court has taken a plea, stated for the record “We feel that with a plea to one Class D felony, the court will have adequate scope of punishment at the time of sentence to satisfy the interests of justice in this case. ’ ’ There can be no question that at the time the disposition is made that the Judge may take into consideration, when deciding the punishment, the fact that this plea is to cover other indictments. Surely, if the Judge could consider the fact that the defendant’s plea is to cover other indictments when he is making up his mind as to sentence, then it is only fair and just that the defendant be given credit for any time spent in confinement under any of the indictments covered by the sentence. To contend otherwise would require the actual dismissal of all indictments except the one under which the plea is taken.
As a practical and ministerial matter and for the convenience of the court, pleas are not taken under all indictments for a given individual when the court has sufficient scope in sentencing on one or several counts of one indictment and the intention of the court is to give a sentence which will run concurrently on all other counts of the indictments which culminated in the sentence. The defendant should not be prejudiced merely because of a ministerial expedient, nor should he be denied the benefit of the express language of the statute which was designed to confer a benefit upon a person lawfully detained. Such statute may not be interpreted to his detriment. (See People ex rel. Manekos v. Noble, 26 Misc 2d 460.)
Accordingly, the petition is granted to the extent that the Commissioner of Correction is directed to compute and credit petitioner’s jail time on all four indictments, except that petitioner is not entitled to duplicate time, and certify said credit to the institution where petitioner is presently held. This decision shall constitute the order and the Clerk is directed to serve a copy on the petitioner and the Commissioner of Correction.