**WHITING v. HUNTER, Warden.**

**No. 4602.**

United States Court of Appeals
Tenth Circuit.

May 4, 1953.

Eugene A. Steinman, Denver, Colo., for appellant.

Charles H. Rooney, Asst. Dist. Atty., Topeka, Kan. (Eugene W. Davis, U. S. Atty., and Robert H. Bingham, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, United States Circuit Judges.

PER CURIAM.

This is an appeal from the order of the United States District Court for the District of Kansas, refusing to entertain appellant's petition for a writ of habeas corpus.

Appellant was tried in the United States District Court for the Northern District of Ohio on an indictment containing nine counts, charging violations of 18 U.S.C.A. § 338a [now § 876] in that he wilfully and with intent to extract money threatened to injure and with the intent to extract money deposited in the United States Post Office letters containing threats to injure the person of the addressee. The first eight counts of the indictment were dismissed. Appellant was found guilty on the ninth count and was sentenced to 15 years imprisonment.

Thereafter appellant filed a motion in the sentencing court under 28 U.S.C.A. § 2255 to vacate the judgment on the ground that the ninth count failed to state an offense which would support a conviction. Relief was denied and on appeal the Sixth Circuit affirmed. See Whiting v. United States, 181 F.2d 643. Appellant thereafter filed a second motion in the sentencing

court under Section 2255, which the court refused to entertain. He thereupon instituted this action predicating his right to maintain it on the assertion that the remedy under Section 2255 was inadequate and ineffective to raise the questions presented here.

An analysis of his petition in this case clearly shows that the grounds urged herein are the same that were urged under his motion in the sentencing court. It would serve no useful purpose to analyze the complaint to support this assertion. It is now well established that the remedy afforded by Section 2255 is exclusive unless for some reason the remedy by motion is inadequate to test the legality of the prisoner's detention and that one may not by-pass the remedy afforded thereby or after his rights have been exhausted thereunder [1] and that is what appellant seeks to do in this proceeding.

Affirmed.

---

**1.** Mills v. Hunter, 10 Cir., 204 F.2d 468.