UNITED STATES of America,
Plaintiff-Appellee,

v.

Howard Vincent PERNO,
Defendant-Appellant.

No. 77–3822.

United States Court of Appeals,
Ninth Circuit.

July 19, 1979.

Edwin S. Saul, Encino, Cal., for defendant-appellant.

Harvey T. Oringher, U. S. Sp. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and TANG, Circuit Judges, and SOLOMON, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Perno was found guilty by a jury in state court of attempted murder and conspiracy to murder. One month later, before the

* Senior District Judge, District of Oregon.

state convictions had been reduced to sentence, he was tried in federal court for conspiracy to racketeer and unlawful use of explosives.

He moved the district court to preclude the introduction of his state convictions as evidence, stating he would be forced not to testify if they were admissible. The court denied the motion, the convictions were introduced, and he did not testify. He was convicted on both counts and sentenced to five year concurrent terms to run consecutively to the state sentence.

Later, a state appellate court reversed his state convictions and ordered a new trial, which has not yet been held. Perno argues that (1) the reversal constitutes "new evidence" requiring a new trial on the federal charges at which he could testify without fear of impeachment by the state convictions and (2) the district judge should have ordered him released to federal custody after the state conviction reversal and his federal sentence should have commenced to run from the time of sentencing.

Among other prerequisites to the granting of a new trial, Fed.R.Crim.Proc. 33 requires a defendant to establish that alleged new evidence would probably produce an acquittal in the event of retrial. See *United States v. Harris*, 534 F.2d 1371, 1373 (9th Cir.), *cert. denied* 429 U.S. 847, 97 S.Ct. 132, 50 L.Ed.2d 120 (1976). Thus, even if we accepted the reversal of his state convictions as new evidence, Perno must demonstrate that his testimony would probably result in an acquittal.

Nowhere in his petition does Perno state what his testimony would be if he were granted a new trial. He does not even deny commission of the offenses for which he was convicted. He can seek no relief under Rule 33.

He is lawfully in state custody awaiting a new trial for his state offenses.[1] He has not been delivered into federal cus-tody. A federal prison term cannot begin until a defendant is delivered to federal authorities. 18 U.S.C. § 3568 (1976); *United States v. Segal*, 549 F.2d 1293 (9th Cir. 1977).

Conceivably, Perno might be entitled to credit on his federal sentence for time spent in state custody under the rule announced in *United States v. Eidum*, 474 F.2d 579 (9th Cir. 1973). The holding in *United States v. Gaines*, 449 F.2d 143 (2d Cir. 1971), might also give him some relief should this court choose to follow it. But the defendant there made a § 2255 motion *after* he had been transferred to federal custody.

While Perno is lawfully in state custody awaiting retrial, it would be premature to decide what effect his state imprisonment should have on his federal sentence.[2] Settled principles of comity prohibit the district court from interrupting Perno's state custody until final resolution of the state proceedings. *See In re Liberatore*, 574 F.2d 78, 87–89 (2d Cir. 1978). There is no merit in his second contention.

AFFIRMED.

---

1. The state trial court has granted a number of continuances for Perno's retrial, delaying the proceedings many months. The reasons for these delays are unexplained.

2. If, for example, Perno is convicted upon retrial, the state court would give him credit for his time spent in state custody and he would be entitled to no credit against his federal sentence. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).