William YOUNGWORTH, Petitioner,

v.

**UNITED STATES PAROLE COMMIS-SION, Julius Lloyd, Warden of the Mecklenburg County Jail, and the United States Marshal's Service, Respondents.**

**No. C–C–89–0421–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 11, 1990.

James F. Wyatt, III, Charlotte, N.C., for petitioner.

Sara L. Pressly, Associate County Atty., Charlotte, N.C., Max Cogburn, Asst. U.S. Atty., Asheville, N.C., for respondents.

ORDER

ROBERT D. POTTER, Chief Judge.

I. INTRODUCTION

THIS MATTER is before the Court on a Memorandum and Recommendation (hereinafter "M & R"), filed by United States Magistrate Paul B. Taylor on November 17, 1989.

The Court is required, pursuant to 28 U.S.C. § 636, to make a de novo review of those portions of the M & R to which objection is made. The M & R recommended granting Petitioner's habeas corpus motion brought pursuant to 28 U.S.C. § 2241. Furthermore, the Magistrate recommended Petitioner be given credit for 476 days towards his federal sentence to reflect the time Petitioner served in the Massachusetts state penitentiary as a result of the U.S. Marshal Service's failure to obtain custody of him. The Government objected to these recommendations. The Court did not believe the record before it adequately reflected whether the state sentencing judges intended the state sentences

to run concurrent to the federal sentence imposed by this Court. Hence, a hearing was held on January 5, 1990 to determine this issue. In addition to the hearing, the Court has carefully reviewed the M & R, the numerous pleadings, the entire case record and the applicable record.[1]

II. FACTUAL BACKGROUND

For a complete understanding of this matter, it is necessary to highlight the involved and complex procedural history of this case. The most important factual background is summarized below. A time line of events is attached as Appendix A.

Petitioner was indicted in this district on July 9, 1985 for his participation in a conspiracy to distribute heroin (C–CR–85–64). Thereafter, Petitioner was released on bond and returned to his home state of Massachusetts. On June 24, 1986, Petitioner was arrested in Boston, Massachusetts by state police for unlawfully possessing a firearm. Petitioner was convicted on that charge on July 17, 1986 and sentenced to a term of 2½ years with one year of the sentence to be served in the Massachusetts House of Correction.

On April 6, 1987, Petitioner pleaded guilty to two new federal charges in case C–CR–87–28—failure to appear and committing an offense while on pretrial release. Pursuant to a plea agreement, the charges in C–CR–85–64 were dismissed. On April 8, 1987, Petitioner was sentenced to six years in prison for failing to appear and three *consecutive* years in prison for committing the offense of carrying a firearm while on pretrial release. The six year sentence for failure to appear was reduced to three years on June 2, 1987 pursuant to a successful Rule 35 motion. The Judgment and Commitment Order (hereinafter "J & C") stated that Petitioner was "committed to the custody of the Attorney General or his authorized representative for imprisonment."

Petitioner was returned to Massachusetts to complete the service of his sen-

1. Petitioner is fortunate to have been represented by appointed counsel Mr. James F. Wyatt, III. Mr. Wyatt has represented Petitioner in an extremely professional and competent manner.

The Court appreciates Mr. Wyatt's willingness to take on difficult appointed cases and to render energetic and extraordinary legal service.

tence on the gun charge. On June 21, 1987, Petitioner pleaded guilty to the state charge of attempted escape. He received a sentence of six months imprisonment that was to run consecutive to the current state sentence. On June 23, 1987, Petitioner completed serving the first state sentence. However, the U.S. Marshal Service failed to obtain custody of Petitioner despite several detainers the Service had placed upon Petitioner.

On September 21, 1987, Petitioner completed serving his six month sentence for attempted escape. Thereafter, the Massachusetts Parole Board revoked Petitioner's parole on an earlier unrelated case. Petitioner was ordered to serve an additional six months.

Petitioner was again tried and convicted in Massachusetts on February 4, 1988 on charges of larceny, uttering a forged instrument and forgery. The state court sentenced Petitioner to an additional one year term of imprisonment to run consecutive with the other state charges.

On October 12, 1988, Petitioner completed serving all of his state sentences. Thereafter, the U.S. Marshal Service obtained custody of Petitioner and transferred him to a federal penitentiary to begin the service of his six year federal sentence. The sentence was reduced to three years on March 22, 1989 pursuant to a successful 28 U.S.C. § 2255 action.

This action was filed on November 2, 1989 pursuant to 28 U.S.C. §§ 2241, 2255, and 2201–02. On November 17, 1989, Magistrate Taylor issued an M & R recommending that the relief sought by Petitioner be granted. An objection was timely filed by the Government on December 7, 1989.

## III. THE PARTIES' CONTENTIONS

### A. *Petitioner's Contentions*

Petitioner asserts that the U.S. Marshal Service was obligated to take custody of Petitioner on June 23, 1987 when Petitioner completed serving the sentence in connection with the state gun charge. According to Petitioner, the sentences in the three state offenses imposed subsequent to the federal sentence were to run concurrent to the federal sentence. Therefore, Petitioner asserts that the U.S. Marshal Service's negligence caused him to languish in a state penitentiary until October 12, 1988. Petitioner argues that he should have been placed in a federal penitentiary on June 23, 1987 upon completion of the state sentence for the gun charge. Petitioner argues that this failure deprived him of 476 days credit towards his federal sentence.

In support of his contention, Petitioner relies on a series of cases that hold that the U.S. Marshal Service is a ministerial officer. As such, the U.S. Marshal Service has no discretion in deciding whether to obtain custody of a person. Because the J & C from this Court placed Petitioner in the control of the Attorney General, the U.S. Marshal Service was required to obtain custody of Petitioner as soon as he completed serving the state sentence on the gun charge. Arguably, the U.S. Marshal Service's failure to carry out their duty placed a ministerial officer in the position of dictating the length of Petitioner's sentence—a power more arbitrary and capricious than any known in the law. Thus, the manner in which Petitioner's sentence has been executed violates duly established laws of the United States contrary to 28 U.S.C. § 2241(c)(3).[2]

Petitioner's principal evidence that the state court intended the state sentences to run concurrent to the federal sentence is the affidavit of Mr. Edward Perry (attached as Appendix B). Mr. Perry represented Petitioner before the Boston Municipal Court of Massachusetts on the attempted escape charge. The affidavit states that

---

**2.** Petitioner has brought this action pursuant to 28 U.S.C. § 2241(c)(3). That statute provides: The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.

In his Petition, Petitioner does not expressly state what particular law or constitutional provision he believes is being violated. However, by arguing he is entitled to credit for time served, it appears that he is relying on 18 U.S.C. § 3568.

Mr. Perry entered into a plea agreement with the district attorney that provided that the six month sentence would run concurrent to the federal sentence. However, the affidavit does not state whether the plea agreement was binding on the state court or whether the state J & C reflected that the state sentence was to run concurrent to the federal sentence. Furthermore, Petitioner also relies on his own affidavit that states that the state sentences were to run concurrent to the federal sentence (attached as Appendix C).

At the hearing, Petitioner argued that these two affidavits establish that the state courts intended all three state sentences to run concurrently to the federal sentence. According to Petitioner, the Government's failure to rebut the affidavits shifts the burden of proof to the Government. Because the Government has not produced any record to the contrary, Petitioner believes that the Petition is meritorious.

### B. *The Government's Contentions*

The Government's response to the M & R raises several arguments that the Government believes requires the Court to dismiss the Petition. The arguments are as follows:

(1) The Government argues that the Petition fails to name an essential party to this action—the Bureau of Prisons (hereinafter "BOP"). The Government contends that the BOP and not the U.S. Parole Commission as Petitioner contends is responsible for the computation of sentences. Therefore, it is impossible to grant Petitioner the 476 days of credit recommended by the Magistrate.

(2) The Government attacks the jurisdiction of this Court to hear this matter. The Government argues that Petitioner was brought into this district for reasons unrelated to this matter (the bill of indictment dismissed by this Court last term in C–CR–89–81). Petitioner's assignment for service of his sentence is the Federal Correctional Institution, Memphis. Because the proper court to hear a 28 U.S.C. § 2241 action is the court having jurisdiction over either the Petitioner or his custodian, the Government argues that the Court must decline to handle this matter.

(3) The Government next argues that Petitioner has failed to exhaust all of the administrative remedies available through the BOP.

(4) Finally, the Government contends that 18 U.S.C. § 3568 is applicable to this matter. That statute, now repealed but effective for crimes committed prior to November 1, 1987, provides that a person's federal sentence commences to run from the date on which such person is received at the penitentiary. Accordingly, since Petitioner was not delivered to the federal penitentiary until October 12, 1988, his sentence could not commence to run until then making him ineligible for any days of credit prior to that date. The Government also relies on a 1981 unpublished Fourth Circuit opinion that addresses a factually similar situation.

### C. *Respondent Julius Lloyd's—Warden of the Mecklenburg County Jail—Contentions*

Mr. Lloyd was named as a Respondent in this action because he is the current custodian of Petitioner. The Mecklenburg County Jail houses federal prisoners pursuant to a contract with the U.S. Marshal Service. Mr. Lloyd had no part in the calculation of Petitioner's sentence nor does he have any authority to recalculate the sentence.

Mr. Lloyd does not take any position on the merits of Petitioner's claim.

### IV. LEGAL ANALYSIS

■ Because Petitioner's contention as summarized above and the Government's contention number 4 require the same analysis, those contentions will be discussed below following a discussion of the Government's contentions 1 through 3.[3]

---

**3.** Petitioner argues that the Court should not consider any of the Government's arguments

### 1. The failure of the Petition to name the Bureau of Prisons.

 The Court believes that the BOP is a necessary party to this action. It is the Court's experience with Rule 35 orders granting credit for time served that the BOP is the entity responsible for calculating a new release date. In Petitioner's response to the Government's objections to the M & R, Petitioner moves the Court to amend the Petition by adding the BOP as a Respondent. Petitioner notes that the U.S. Attorney's Office is the entity for service of process for both the BOP and the Parole Commission. Thus, the Government will not be prejudiced by permitting the amendment to the Petition.

The Fourth Circuit favors permitting amendments to petitions since the policy is that "claims of legal substance should not be forfeited because of failure to state them with technical precision." See Prisoner Petitions in the Fourth Circuit, at I–29 (Office of Staff Counsel for the Fourth Circuit 1988) (hereinafter "Prisoner Petitions") (citing Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965)). Amendment is authorized by 28 U.S.C. § 2242 pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The district court should liberally allow amendments when the petition is submitted pro se. Cf. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971).

Even though Petitioner is represented by counsel, the Government would not be prejudiced by allowing the amendment. Therefore, the Court finds that Petitioner's Motion to Amend the Petition is meritorious. The BOP will be added as a respondent to this Petition.

### 2. Jurisdiction.

 The Petition states relief is sought pursuant to 28 U.S.C. §§ 2241 and 2255. However, the M & R only addresses relief under 28 U.S.C. § 2241. The Court believes that this was a correct analysis because § 2255 deals with the imposition of an illegal sentence. On the other hand, § 2241 addresses the execution of an illegal sentence. See Prisoner Petitions at II–2; United States v. Snow, 748 F.2d 928 (4th Cir.1984). In this case, Petitioner only argues that the U.S. Marshal Service failed to obtain custody of Petitioner in a timely manner. Thus, the Petition attacks the execution and not the imposition of Petitioner's sentence. See United States v. Brown, 753 F.2d 455 (5th Cir.1985) (holding that credit for time served action properly brought pursuant to § 2241 and not § 2255). Therefore, the Court finds that § 2255 is inapplicable to this matter but that the Petition is properly before the Court pursuant to § 2241.

 In a § 2241 action, the Petition should be filed in the district court of the district where petitioner is in custody. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 495–500, 93 S.Ct. 1123, 1129–1132, 35 L.Ed.2d 443 (1973); Prisoner Petitions at I–28; 28 U.S.C. § 2241(a). The Government argues that since Petitioner is only temporarily in this district that the proper district is Memphis. See Sanders v. Brady, 57 F.Supp. 87 (D.Md.1944) (holding that court did not have jurisdiction to hear § 2241 action where prisoner brought into district on a writ of habeas corpus ad testificandum).

Petitioner adamantly objects to the Government's argument by noting that this case is readily distinguishable from Sanders in that Petitioner was not brought into this district on a writ of habeas corpus ad testificandum. Instead, he was brought into this district pursuant to an order issued by Magistrate Taylor in case C–CR–89–81 which was dismissed by this Court because the Government breached a plea agreement entered in case C–CR–87–28. Therefore, Petitioner persuasively contends that it is fundamentally unfair for the Government to bring Petitioner in this district for prosecution and then to attempt to block a § 2241 action by attacking jurisdic-

---

because it waived them by failing to raise them prior to filing objections to the M & R. Title 28, United States Code, Section 636 permits the Court to receive additional evidence when mak-

ing its de novo review of an M & R. Therefore, the Court finds that Petitioner's assertion that the Government has waived these arguments lacks merit.

tion. In other words, if the Government had not brought Petitioner into this district Petitioner could have brought the action in Memphis. Therefore, the Court finds that this Court has jurisdiction to hear this matter.

### 3. *Failure of Petitioner to exhaust administrative remedies.*

Attached to Petitioner's response to the Government's objections to the M & R are various documents prepared by Petitioner seeking to have his federal sentence recalculated. Thus, the Court believes that Petitioner has exhausted the administrative remedies available to him.

### 4. *The merits.*

The case law upon which both parties rely is contingent on a single factual determination—whether the state courts intended their three sentences to run concurrent or consecutive to the federal sentence imposed by this Court.

Petitioner cites several cases to support his proposition that the U.S. Marshal Service had no discretion in taking custody of Petitioner when his sentence on the state gun charge was completed. *See Kiendra v. Hadden,* 763 F.2d 69, 70–73 (2d Cir. 1985); *United States v. Croft,* 450 F.2d 1094, 1095–99 (6th Cir.1971); *Gillman v. Saxby,* 392 F.Supp. 1070, 1071–73 (D.Haw. 1975). These cases cite a 1937 Ninth Circuit case as the prevailing law in this area. *See Smith v. Swope,* 91 F.2d 260, 261–62 (9th Cir.1937). The court in *Smith* held that the U.S. Marshal Service abused its duty as a ministerial officer when it delivered a federally sentenced prisoner to state officials to answer state charges. The court stated:

> The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it ... Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any now in the law ... *Smith,* 91 F.2d at 262.

From the language in *Smith,* it appears that the established rule is that the Marshal is required to obtain custody immediately following an order entered by the Court. In this case, the Marshal would have been required to place Petitioner in custody on June 23, 1987—the day he completed serving his state sentence on the gun charge. However, the cases cited by Petitioner only apply *Smith* to the situation where a state sentence was to run concurrent to a federal sentence. *See Kiendra,* 763 F.2d at 71; *Croft,* 450 F.2d at 1095, *Gillman,* 392 F.Supp. at 1071. Those courts applying *Smith* have done so to prevent the marshal from transforming a concurrent sentence into a consecutive one and thereby frustrating the intent of the state court. *See Kiendra,* 763 F.2d at 73.

The Court must determine whether the state courts intended their sentences to run concurrent with the federal sentence. At the hearing, Petitioner indicated that his counsel was unable to obtain the records of the state courts despite Mr. Wyatt's diligent efforts. All that Petitioner has come forward with to support his contention is the affidavit of Mr. Perry and Petitioner's affidavit. Mr. Perry's affidavit only addresses a plea bargain in one of the three state sentences. As might be expected, Petitioner's affidavit states that all three sentences were to run concurrent to the federal sentence. If Petitioner's affidavit is disregarded, that leaves only one piece of independent evidence that addresses only one of the state sentences. Moreover, Mr. Perry's affidavit does not state if the plea agreement was adopted by the state court or if the state J & C reflects the sentence was to run concurrent to the federal sentence.

 The standard of proof in a habeas action requires the Petitioner to show by convincing evidence a substantial constitutional deprivation. *See Jarrett v. Headley,* 802 F.2d 34 (2d Cir.1986); *Clayton v.*

*Haynes,* 517 F.2d 577 (4th Cir.1975); *see also Prisoner Petitions* at I–36 (stating standard of proof on petitioner in habeas action in Fourth Circuit is convincing evidence). In this case, the Court believes that Petitioner has failed to carry his burden of convincing evidence. Mr. Perry's affidavit only addresses one of the state sentences and is very cursory. Because Petitioner has a substantial interest in this action, the Court does not believe it is sufficiently reliable to place much weight upon it.

■ The Government's reliance on 18 U.S.C. § 3568 is persuasive. The statute provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term.

The Fourth Circuit has applied the statute in a similar case. *See Leach v. Garrison,* No. 81–6232 (4th Cir. May 18, 1981) (unpublished). In that case, the court refused to grant a prisoner federal credit for time served even though the U.S. Marshal Service did not take custody of him upon completion of his first state sentence. Instead, the Marshal allowed the prisoner to remain in the state custody to serve a subsequent state sentence imposed for his attempted escape. However, the prisoner had been sentenced on the federal charge *before* the attempted escape. The court held that the federal sentence commenced when the Marshal took custody of the prisoner after both sentences were imposed. Moreover, the court stated that the time when the prisoner's sentence commenced was completely dependent upon subsequent events entirely beyond the control of the district judge.

In this case, Petitioner's attempted escape case is also an event completely dependent upon subsequent events entirely beyond the control of this Court when the federal sentence was imposed. Thus, *Leach* and the cited Fourth Circuit's case therein appear to be applicable to this case. *See also Cobb v. United States,* 583 F.2d 695, 696–97 (4th Cir.1978); *Ange v. Paderick,* 521 F.2d 1066, 1068 (4th Cir.1975).

Naturally, Petitioner has attempted to distinguish *Leach* by stating that *Leach* (unlike this case) does not involve a concurrent state sentence. As noted above, the Court has found that Petitioner has failed to show by convincing evidence that the state sentences were to run concurrent to the federal sentence. Furthermore, Petitioner argues that the prisoner in *Leach* was trying to profit from his own misconduct in escaping which caused the delay in the Marshal taking custody. Arguably, Petitioner in this case also attempted to profit from his own misconduct. If he had not attempted to escape from state custody, Petitioner would not have been sentenced to a sentence running consecutive to the state gun charge. Absent the attempted escape, the Marshal may very well have taken custody after he completed serving the first state sentence.

The Court believes 18 U.S.C. § 3568 is applicable to this case. *See Hardy v. United States Board of Parole,* 443 F.2d 402 (9th Cir.1971). In that case, the court held that it was irrelevant that a state sentence was to run concurrent to a federal sentence. Instead, 18 U.S.C. § 3568 provides that a federal sentence begins to run when

the prisoner is received at the federal penitentiary. Because Petitioner was not placed in federal custody until October 12, 1988, the Court believes he is not entitled to the credit recommended by the Magistrate.

## V. CONCLUSION

To summarize, the Court finds that:

1. Petitioner should be permitted to amend the Petition by adding the BOP as a party.

2. This matter appears to be properly within this Court's jurisdiction as a 28 U.S.C. § 2241 action, but not a 28 U.S.C. § 2255 action. Petitioner is incarcerated in this district as a direct result of the Government's actions. Moreover, the Court has jurisdiction over Petitioner's custodian—Mr. Lloyd.

3. Petitioner has exhausted all administrative remedies.

4. Petitioner's reliance on *Smith* is misplaced. Courts applying *Smith* have only done so when the state sentence was to run concurrent to the federal sentence. Petitioner has failed to show by convincing evidence that the state courts intended the sentences to run concurrently. Based on the two affidavits presented to the Court, Petitioner has not met his burden.

The Government has persuasively argued that 18 U.S.C. § 3568 applies to this case. Under the *Leach* case which is binding precedent upon this Court, Petitioner's sentence commenced to run when he was received at the federal penitentiary. Therefore, Petitioner is not entitled to credit for days served in the state prison from June 23, 1987 until October 12, 1988.[4]

## VI. ORDER

NOW, THEREFORE, IT IS ORDERED that:

(1) Petitioner's amendment to the Petition adding the Bureau of Prisons as a respondent be *GRANTED;*

(2) Respondent's Motion that the Court lacks jurisdiction to hear this matter be *DENIED;*

(3) Respondent's Motion that Petitioner has failed to exhaust all administrative remedies be *DENIED;* and

(4) The Magistrate's Recommendation that the Petition be granted and Petitioner be credited with 476 days credit is hereby *REJECTED* and *REVERSED.* The Petition is *DENIED* and this action is *DISMISSED.*

### APPENDIX A

[12/18/89]

### YOUNGWORTH HABEAS PETITION

Time Line of Events:

1. July 9, 1985 — Petitioner indicted in this District. C–CR–85–64—Possession of heroin. Allowed to remain free on Pretrial Release.
2. June 24, 1986 — Petitioner arrested in Massachusetts on gun charge.
3. July 17, 1986 — Petitioner convicted on Massachusetts gun charge and sentenced to 2½ years. Maximum release date was June 23, 1987.
4. July 28, 1986 — U.S. Marshal places detainer on Petitioner.

[4] At the hearing, Petitioner requested that the Court order the United States Parole Commission to conduct a parole hearing if the Court denied the petition. Apparently, Petitioner is currently eligible for parole but has been unable to attend parole hearings because he is being housed in the Mecklenburg County Jail to assist his counsel in this action. The Court does not believe it has the expertise or the knowledge to recommend to the Parole Commission how to do its job. However, the Court would request that the Parole Commission provide Petitioner with a hearing as soon as possible if in fact Petitioner is eligible for such a hearing. This request should not be construed as any recommendation by the Court that Petitioner should be paroled.

| 5. | April 6, 1987 | Petitioner pleaded guilty to federal charges in C–CR–87–28 —Failure to Appear and committing offense while on Pretrial Release. C–CR–85–64 (heroin possession) dismissed. |
| 6. | April 8, 1987 | Petitioner sentenced on C–CR–87–28 to nine years. Petitioner returned to Massachusetts. |
| 7. | April 29, 1987 | U.S. Marshal places detainer # 2 on Petitioner. |
| 8. | June 2, 1987 | Successful Rule 35 Motion reduces nine year sentence to six year sentence. |
| 9. | June 21, 1987 | Petitioner sentenced (6 months) in connection with attempted escape state charge. |
| 10. | June 23, 1987 | Petitioner completed serving state sentence in # 3. U.S. Marshal did not obtain custody. |
| 11. | September 21, 1987 | Petitioner completed service of 6 month escape charge in # 9. Massachusetts Parole Board revokes parole in earlier case and Petitioner is ordered to serve additional 6 months. |
| 12. | February 4, 1988 | Petitioner tried and convicted on state charges of larceny, uttering forged instrument, and forgery. Sentenced to serve 1 year to run consecutive with 6 months imposed for parole revocation. |
| 13. | October 12, 1988 | Petitioner completed service of state sentences imposed in # 12. U.S. Marshal Service obtained custody of Petitioner and transferred him to federal penitentiary. |
| 14. | March 22, 1989 | Petitioner successful on habeas action that vacated sentence in Count 2 of C–CR–87–28. Federal sentence reduced from 6 years to 3 years. |
| 15. | February 1, 1991 | Completion date of Petitioner's sentence based on commencement date of October 12, 1988. Had Marshal taken custody on June 23, 1987 as Petitioner contends they should have, Petitioner would have completed serving sentence in late 1988 or early 1989 because of parole. |

---

## APPENDIX B

### AFFIDAVIT OF EDWARD PERRY

I, EDWARD PERRY, after being duly sworn, depose and state the following:

1. My name is Edward Perry and I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts.

2. In June of 1987 I represented William P. Youngworth, III, also known as Mark C. Hagan, before the Boston Municipal Court of Massachusetts on the charge of attempted escape from a penal institution.

3. I entered into a plea agreement with the District Attorney for the Commonwealth with regard to this charge. Pursuant to this agreement, Mr. Youngworth agreed to plead guilty to the charge pending against him, for which he would receive a six month sentence to become effective after the expiration of Mr. Youngworth's one year sentence for unlawfully carrying a firearm and which would run concurrently with any federal sentence that had already been handed down with regard to Mr. Youngworth. Mr. Youngworth's one year sentence on the charge of unlawfully carrying a firearm was to end on 23 June 1987.

4. It was my understanding, and the understanding of all individuals involved in the attempted escape case, that the time that Mr. Youngworth would serve on this charge would run concurrently with his federal sentence.

This the 21 day of September, 1989.

/s/Edward Perry
EDWARD PERRY

APPENDIX C

United States District Court

Western District of North Carolina

Charlotte Division

WILLIAM YOUNGWORTH, Plaintiff,
v.
UNITED STATES PAROLE
COMMISSION, et al.,
Defendants.

Civil A. No. C–C–89–421–P.

AFFIDAVIT OF WILLIAM P.
YOUNGWORTH

I, WILLIAM P. YOUNGWORTH, after being duly sworn, state the following based upon my understanding of the facts relevant to the above-captioned Petition for Habeas Corpus relief.

1. My name is William P. Youngworth and I am the Petitioner in the above-captioned habeas corpus action.

2. The documents attached to this affidavit as Exhibits K–M are true and accurate copies of documents that I submitted to the appropriate prison authorities when utilizing the available administrative remedies concerning the subject matter raised in the above-captioned Petition. These administrative remedies afforded me no relief concerning the subject matter raised in the above-captioned Petition.

3. The sentences described in Paragraphs 20, 22 and 23 of the above-captioned Petition were to run concurrently with the federal sentence imposed in Case No. C–CR–87–28.

4. The incidents giving rise to the sentences described in Paragraphs 20, 22 & 23 of the above-captioned Petition occurred prior to the return of the Indictments in Case Nos. C–CR–85–64 and C–CR–87–28.

This the 14 day of December, 1989.

/s/William P. Youngworth
WILLIAM P. YOUNGWORTH

MEMORANDUM &
RECOMMENDATION

PAUL B. TAYLOR, United States Magistrate.

This matter is before the undersigned Magistrate on reference from the District Court to consider the Petition for Habeas Corpus Relief filed by the Petitioner pursuant to 28 U.S.C. § 2241 (1971). On 2 November 1989 the undersigned held a hearing in connection with this Petition. Having fully considered the arguments presented by the parties at this hearing, and having fully considered the legal arguments presented by the parties in their briefs and the record evidence in this case, the undersigned herewith enters the following Findings of Fact, Conclusion of Law and Recommendation.

I. FINDINGS OF FACT

On 9 July 1985 the Petitioner was indicted in this district on a two-count Indictment which alleged that he conspired to possess and distribute heroin and that he possessed and distributed this substance in violation of 21 U.S.C. §§ 841(a)(1), 846 (1989) (Indictment No. C–CR–85–64). The Petitioner was released on bond in connection with these charges, and then returned to his home state of Massachusetts. On 24 June 1986 the Petitioner was arrested in Boston, Massachusetts by State authorities for the State offense of unlawfully possessing a firearm. On 17 July 1986 the Petitioner was tried and convicted upon this charge, and was sentenced to a term of two and one-half years, with one year of this sentence to be served in a House of Correction in Massachusetts. The Petitioner's maximum release date with regard to this sentence was 23 June 1987. The Petitioner immediately began serving this sentence upon its imposition.

On 28 July 1986 the United States Marshal's Service served a detainer upon the House of Correction where the Petitioner was incarcerated in Massachusetts with re-

gard to the heroin charges described above. *See* Petition for Habeas Corpus Relief (hereafter the "Petition"), Exhibit A. A notation is contained on this detainer which states "max rel 6/23/87." This note refers to the maximum release date for the Petitioner on the firearm charge. This note indicates that the United States Marshal's Service was aware, when this detainer was served, that the Petitioner would have fully served his firearm sentence as of 23 June 1987.

In April of 1987 the heroin charges were resolved in this Court pursuant to a plea agreement. In accordance with the terms of this plea agreement, the Petitioner agreed to plead guilty to the charges contained in a federal Indictment emanating out of this district which was handed down on 6 April 1987 (Indictment No. C–CR–87–28). This Indictment charged the Petitioner with failing to appear before this Court as required by the conditions of his release in violation of 18 U.S.C. § 3146 (1986) and committing the offense of unlawfully carrying a firearm while on pre-trial release in violation of 18 U.S.C. § 3147 (1986). In exchange for the Petitioner's agreement to plead guilty to these charges, the United States agreed to dismiss Indictment No. C–CR–85–64 and to remain silent at the sentencing hearing.

On 6 April 1987 the Petitioner pleaded guilty to the charges contained in Indictment No. C–CR–87–28. Indictment No. C–CR–85–64 was dismissed on this date. On 8 April 1987 the Petitioner was sentenced with regard to the charges contained in Indictment No. C–CR–87–28. The Petitioner was sentenced to serve a total of nine years of imprisonment. *See* Petition, Exhibit B. The Judgment and Commitment Order indicates that the Petitioner is *"hereby committed* to the custody of the Attorney General or his authorized representative *for imprisonment* for a period of" nine years (emphasis added). After the Petitioner was sentenced, he was returned by the United States Marshal's Service to Massachusetts for the service of the remainder of his sentence on the firearm charge. The firearm charge was the only State charge that was in existence at the

time the aforementioned federal sentence was imposed.

On 29 April 1987 the United States Marshal's Service served another detainer upon the House of Correction in Massachusetts where the Petitioner was incarcerated. *See* Petition, Exhibit C. This detainer states that it was filed in connection with the federal sentence entered by this Court on 8 April 1987, and that this sentence was to commence *"on/after state sentence now serving."* (emphasis added).

On 2 June 1987 a Rule 35 Motion, which had previously been filed by the Petitioner in this Court, was granted, and the Defendant's federal sentence was reduced to a term of six years. *See* Petition, Exhibit D. The Judgment and Commitment Order entered with regard to this reduction of sentence also stated, like the Judgment and Commitment Order of 8 April 1987, that the Petitioner is "hereby committed to the custody of the attorney general or his authorized representative for imprisonment...."

On 23 June 1987 the Petitioner completed the service of his State sentence for a unlawfully carrying a firearm. The United States Marshal's Service did not, however, obtain custody of the Petitioner at this time so that he could begin serving time on his federal sentence at a federal correctional institution.

Beginning in June of 1987 and thereafter, the Defendant was sentenced in connection with two State charges and a parole revocation in the State of Massachusetts. The Petitioner alleges that the time on these sentences was to run concurrently with his federal sentence, and the Respondents have produced no evidence to the contrary. In any event, none of these sentences was in existence at the time that the Petitioner's federal sentence was imposed by this Court.

On 12 October 1988, some 16 months after the Petitioner completed service of his sentence on the firearm charge mentioned above, the United States Marshal's Service obtained custody of the Petitioner and transferred him to a federal penitentia-

ry to begin the service of his federal sentence.

On 10 February 1989 the Petitioner filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2255 (1986) with regard to his conviction on Count II of Indictment No. C–CR–87–28. The Petition was granted on 22 March 1989, resulting in the vacation of this conviction. The Defendant's federal sentence was, by the rendition of this Order, reduced from a total of six years of imprisonment to three years of imprisonment.

On 23 August 1989 the United States Parole Commission computed the Petitioner's release date on his federal sentence. *See* Petition, Exhibit H. The United States Parole Commission made this computation based upon a commencement date of 12 October 1988. The Commission did not base this computation upon a commencement date of 23 June 1987. According to the Commission's calculations, the Petitioner was eligible for parole as of 11 October 1989, and his statutory release date is 1 February 1991.

## II. CONCLUSIONS OF LAW

The Petitioner contends that he is entitled to credit for the time that he spent in State custody from 23 June 1987 until 12 October 1988. The Petitioner bases this contention upon the fact that the only State sentence that was in existence at the time the federal sentence was imposed expired on 23 June 1987, that the United States Marshal's Service was amply aware of its duty to obtain custody of the Defendant on this date and place him in a federal correctional institution for the service of his federal sentence, and that to allow the United States Marshal's to disregard this duty would, in effect, confer upon the Marshal's Service, which performs a ministerial function in connection with the execution of a sentence, the power to determine the length of a sentence. In support of this position, the Petitioner cites the cases of *Smith v. Swope,* 91 F.2d 260, 261–62 (9th Cir.1937); *Kiendra v. Hadden,* 763 F.2d 69, 70–73 (2d Cir.1985); *United States v. Croft,* 450 F.2d 1094, 1095–99 (6th Cir.

1971), and *Gillman v. Saxby,* 392 F.Supp. 1070, 1071–73 (D.Haw.1975). The Government's main contention is that the service of a federal sentence cannot begin until a defendant is delivered to federal authorities, and that the Petitioner's commencement date should therefore be 12 October 1988. In support of its position, the Government cites the cases of *Pinaud v. James,* 851 F.2d 27 (2d Cir.1988) and *United States v. Perno,* 605 F.2d 432 (9th Cir. 1979).

The facts of this case reveal that the only State sentence was that was in existence at the time that the federal sentence was imposed was the Petitioner's conviction for unlawfully carrying a firearm. The Petitioner finished serving this sentence on 23 June 1987. The facts also amply demonstrate that the United States Marshal's Service was aware of its obligation to place the Petitioner in federal custody on this date. The detainers attached as Exhibits A & C to the Petition are particularly instructive on this point. The detainer labeled Exhibit A contains notations indicating that the Petitioner's maximum release date on the firearm sentence was 23 June 1987. The language contained in the detainer labeled as Exhibit C states that the Petitioner should be taken into federal custody *"on/after State sentence now serving."* (emphasis added). The United States Marshal's Service, accordingly, knew when it should have obtained custody of the Petitioner; had an obligation to obtain custody of the Petitioner on 23 June 1987; but, for whatever reason, failed to do so. The Petitioner is therefore entitled to credit on his federal sentence for the time that he served from 23 June 1987 until he was placed in federal custody on 12 October 1988.

Any holding to the contrary would, in effect, transfer the authority for determining the length of the sentence from the courts to the United States Marshal's Service. As stated by the court in *Smith:*

The least to which a prisoner is entitled is the execution of the sentence of the court to whose judgment he is duly subject. If a ministerial officer, such as

a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to the courts of justice, let alone their ministerial officers.

*Smith, supra,* at 262.

The cases cited by the Government are not persuasive authority. These cases involve a factual situation where the defendants were convicted and sentenced in a state court; were later convicted and sentenced in federal court; the state court convictions were then vacated; and the defendants then sought credit on the federal sentences for the time that they served in state custody prior to the vacation of the state sentences. The *Pinaud* and *Perno* courts (with the *Perno* holding being dicta) held that a vacated state sentence does not count as time served toward an unrelated federal sentence. *See Pinaud,* 851 F.2d at 30–31. These cases do not even address the situation where the United States Marshal's Service negligently or intentionally failed to exercise properly its duties in executing a federal judgment, which is the factual scenario involved in this case. The *Pinaud* and *Perno* cases might be applicable to the instant case if the Petitioner was seeking credit for time served upon the State sentence that was in existence when his federal sentence was imposed, if that sentence were later vacated. The Plaintiff, however, is not seeking this type of relief in this case.

In conclusion, the undersigned finds that the United States Marshal's Service, despite being amply aware of the expiration date of the only State sentence in existence when the federal sentence was imposed, failed to execute properly the federal judgment imposed by this Court by not taking the Petitioner into federal custody on 23 June 1987. The Petitioner, is, accordingly, entitled to credit for time served on his federal sentence from 23 June 1987 until 12 October 1988, a time period of 476 days. The Petitioner is also entitled to have the parole date on his federal sentence calculated in a manner that reflects a commencement date of 23 June 1987.

The undersigned believes that the appropriate entity to recompute the Petitioner's parole release date is the United States Parole Commission. The undersigned also finds, however, that it appears that the Defendant is currently being illegally incarcerated, and that the Defendant's parole hearing should be held forthwith.

## III. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the Petition for Habeas Corpus Relief presently before the Court be GRANTED to the extent that Petitioner is given a credit of 476 days on his federal sentence. Because the granting of this credit places Petitioner beyond his statutory release date under Parole Commission guidelines, barring some other evidence or regulation, Petitioner is entitled to immediate release on parole. Accordingly, the undersigned further recommends that the District Court order the United States Parole Commission to hold a parole hearing for the Petitioner within ten days of the date of the District Court's Order, and to further order that the Parole Commission shall calculate the Petitioner's release date and parole eligibility in light of a commencement date of 23 June 1987, together with its usual rules and procedures.

Because the undersigned has entered an Order requiring the Petitioner to remain in the Mecklenburg County Jail to assist with the preparation of a possible appeal by the

Government in Case No. C–CR–89–81, the undersigned instructs the Parole Commission to apply to this Court for an Order if it wishes to conduct a hearing in a location other than Charlotte.

The parties are hereby advised, pursuant to 28 U.S.C. § 636(b)(1)(C), written objections to the proposed Findings of Facts and Conclusions of Law and the Recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Failure to file objections to Memorandum with the District Court will preclude the parties from raising such objections on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

The Clerk is directed to certify copies of this Memorandum and Recommendation to the parties and their counsel by fax transmission *immediately* upon filing, as well as by regular mail.

This the 17th day of November, 1989.