977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nunzio DeCARLO, Petitioner-Appellant,
v.
Richard H. RISON, Warden Respondent-Appellee.
 No. 91-56263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Oct. 19, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nunzio DeCarlo, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. He contends that imposition of his sentence violates the double jeopardy clause and that he was improperly denied custody credits. We reject these contentions, and we affirm.
 
 
 3
 DeCarlo was convicted in state court of criminal possession of controlled substances, bribery, criminal sale of marijuana and assault. While in state custody, he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to face RICO charges. In federal court he was convicted of participation in a racketeering and corrupt organization, conspiracy to distribute marijuana, conspiracy to interfere with interstate commerce by threats of violence, extortion, violent crimes in aid of racketeering activity, and tampering with a witness or victim. The district court ordered the federal sentence to run consecutively to the state sentence.
 
 1. Double Jeopardy
 
 4
 DeCarlo argues that imposition of consecutive sentences for violation of state bribery laws and RICO constitutes double jeopardy because bribery is a predicate act to the RICO violation. We disagree. Consecutive sentences for the predicate act that forms the basis of a RICO charge and for the substantive RICO violation do not violate the double jeopardy clause. United States v. Solano, 605 F.2d 1141, 1143 (9th Cir.1979), cert. denied, 444 U.S. 1020 (1980).
 
 
 5
 DeCarlo also asserts that his state conviction for bribery and his federal RICO conviction constitute convictions by two jurisdictions of the same offense and therefore violate the double jeopardy clause. Even if we assume that the offenses are the same, the double jeopardy clause does not prevent dual prosecution by separate sovereigns. United States v. Newbert, 952 F.2d 281, 285 n. 3 (9th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992).
 
 2. Custody Credits
 
 6
 DeCarlo contends that he was improperly denied federal custody credits for time spent serving his state sentence for bribery because bribery is a predicate act of the federal racketeering offense. For crimes committed before November 1, 1987, the calculation of credit for prior incarceration is governed by 18 U.S.C. § 3568 (repeal effective 1987). Even assuming that his state and federal convictions arose from the same acts, section 3568 does not provide for federal credit for time served in a state prison on a state charge. Tucker v. Carlson, 925 F.2d 330, 332-33 (9th Cir.1991); Raines v. United States Parole Comm'n, 829 F.2d 840, 843 (9th Cir.1987) (per curiam).
 
 
 7
 The Bureau of Prisons nevertheless may grant credit to a federal prisoner for time spent in state presentence custody on essentially the same charge. Bureau of Prisons Program Statement 5880.24 § 5c(1)(b). Credit is allowed when the factors of time, location, and the criminal acts are identical in both state and federal charges. Id. Here, we agree with the district court that, although the charges are similar in nature, the conduct that led to the state and federal convictions differs.
 
 
 8
 DeCarlo also argues that he is entitled to credit for time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum. Federal custody is not triggered, however, when a state defendant is produced in federal court under such a writ. Thomas v. Brewer, 923 F.2d 1361, 1367 (9th Cir.1991). Credit for that time was properly applied to his state sentence. Because time he spent in a federal detention center pursuant to the writ was credited to his state sentence, he is not entitled to have that time also credited on his federal sentence. See Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir.1988) (per curiam); United States v. Perno, 605 F.2d 432, 433 n. 2 (9th Cir.1979); see also Sinito v. Kindt, 954 F.2d 467, 470 (7th Cir.) (per curiam), cert. denied, 112 S.Ct. 2316 (1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3