13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles D. SCHRADER, Petitioner-Appellant,
v.
William PERRILL, Warden, Respondent-Appellee.
 No. 93-1344.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles D. Schrader (Schrader or appellant), appearing pro se, appeals from the district court's Order of Dismissal denying appellant's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. The district court accepted and adopted United States Magistrate Judge Borchers' finding that appellant had been properly credited with all allowable jail time against his present sentence being served at the Federal Correctional Center in Englewood, Colorado.
 
 
 3
 On April 26, 1992, Schrader was arrested in Rapid City, South Dakota, on state criminal charges. He had been previously indicted on federal charges and a federal detainer had been lodged. On November 23, 1992, while Schrader was in the custody of the State of South Dakota, he was sentenced in federal court for assaulting a federal officer. This charge was not related to the state charged. Federal officials "borrowed" Schrader for the purpose of sentencing, and Schrader received full credit on his state sentence for the time he was in federal custody for sentencing purposes. On December 14, 1992, Schrader was sentenced by the State of South Dakota to a suspended prison term and credited for all time served, April 27, 1992 through December 22, 1992, when Schrader was received by federal authorities and commenced serving his federal sentence.
 
 
 4
 Before the district court and on this appeal, Schrader argues that because the federal sentence was imposed first and commenced to run on that date, and because the State of South Dakota ran its sentences concurrent with the federal sentence, he is entitled to the same credit for jail time on his federal sentence as that credited on the state sentences. Schrader is mistaken. 18 U.S.C. 3568 does not permit a federal prisoner to obtain credit on a federal sentence for jail time already credited to his state sentence. See generally, Doyle v. Elsea, 658 F.2d 512 (7th Cir.1991); United States v. Perno, 605 F.2d 432 (9th Cir.1979) (federal prison term cannot begin until a defendant is delivered to federal authorities to commence serving his sentence). Furthermore, appellant owed a debt to two independent sovereigns, the State of South Dakota and the United States of America on unrelated charges; each had a right to exact its debt independently of the other. Goode v. McCune, 543 F.2d 751 (10th Cir.1976) (petitioner owed debts to two separate sovereigns, each of whom independently had the right to exact its debt independent of the other, in connection with federal and state convictions based on the same bank robbery; petitioner was not entitled to double credit for period of time he spent in state custody).
 
 
 5
 The Magistrate Judge found that Schrader had not exhausted his administrative remedies and that his petition should not be entertained. We agree. In United States v. Woods, 888 F.2d 653 (10th Cir.1989), cert. denied, 494 U.S. 1006 (1990), we held that a defendant's failure to exhaust his administrative remedies with the Attorney General before seeking judicial review precludes such review if the government raised a timely objection. The government raised a timely objection here. See "Government's Response to Petitioner's Motion Pursuant to 28 U.S.C. 2241," R., Vol. I, tab 6, pp. 2-6.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3