**Michael Miguel COWLES, Petitioner,**

v.

**Joseph BROOKS, et. al., Respondent.**

**Nos. CR. 4:98CR9.**
**Nos. Civ. 2:01CV920, Civ. 4:02CV4.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 10, 2002.

Michael Miguel Cowles, Petersburg, VA, Pro se.

## ORDER

MORGAN, District Judge.

The Court has recently received a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. Petitioner Michael Miguel Cowles alleges he is in custody in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the Petitioner claims that his indictment was defective; several sentencing enhancements were improperly applied pursuant to the United States Sentencing Guidelines (U.S.S.G.); the Court's instructions to the jury were flawed; the Petitioner should have been sentenced for the possession of cocaine, rather than cocaine base; the Petitioner received ineffective assistance of counsel; and the Court failed to make necessary findings of fact at the sentencing hearing.

On June 19, 1998, the Petitioner was found guilty of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, and Distribution and Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to, amongst other things, two concurrent terms of imprisonment for one hundred seventy-seven (177) months. The Fourth Circuit affirmed the Petitioner's Judgment Order on October 6, 1999. On November 8, 2000, and in an Amended Order on November 18, 2000, the Court denied Petitioner's first motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On November 29, 2000, the Court denied Petitioner's second motion pursuant to 28 U.S.C. § 2255, a Motion For a Downward Departure in View of Movant's Post Rehabilitation. On February 2, 2001, the Court denied the Petitioner's Motion for Reconsideration of Dismissal of Petitioner's motion requesting permission to amend/or supplementing his 2255, to vacate, set aside, or correct sentence. In *United States v. Cowles*, No. 00–7363 (4th Cir. January 17, 2001), the Fourth Circuit denied the Petitioner's appeal of the Court's Order denying his 2255 Petition. The Fourth Circuit also denied a certificate of appealability. In an Order filed June 12, 2001, the Fourth Circuit denied the Petitioner's motion pursuant to 28 U.S.C. 2244 for authorization to file a successive application for relief. On December 11, 2001, the Petitioner filed the present petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.

An attack on the imposition of sentence should be brought as a motion pursuant to 28 U.S.C. § 2255. In his habeas petition, which he has brought under 28 U.S.C. § 2241, Petitioner acknowledges that he brought a previous motion under 28 U.S.C. § 2255. In fact, he admits that he is bringing this petition pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255 because he "wishes to bring up sentencing claims and this [petition] does not adhere to the rules of a second 2255 as amended." Pet. at 3. It appears, therefore, that Petitioner has filed his petition under section 2241 rather than a motion under § 2255 in an attempt to circumvent the "second or successive" requirements of 28 U.S.C. § 2255 by filing his petition pursuant to 28 U.S.C. § 2241. He may not do this, however. *See Whiting v. Hunter*, 204 F.2d 471, 472 (10th Cir.1953). Section 2255 provides that:

[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or inef-

fective to test the legality of his detention.

28 U.S.C. § 2255. Based on this language, courts have held that section 2255 is a federal prisoner's exclusive remedy for collaterally attacking the *imposition* of his sentence, unless the remedy is "inadequate or ineffective." *See Swain v. Pressley,* 430 U.S. 372, 377–378, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977); *Baker v. Sheriff of Santa Fe County,* 477 F.2d 118, 119 (10th Cir.1973); *Whiting,* 204 F.2d at 472 ("the remedy afforded by Section 2255 is exclusive unless for some reason the remedy by motion is inadequate to test the legality of the prisoner's detention and ... one may not by-pass the remedy afforded thereby or after his rights have been exhausted thereunder"). Despite the Petitioner's claim to the contrary, the fact that the Petitioner cannot "meet the requirements for filing a second 2255 because he does not have the criteria the provisions require," Pet. at 3, does not make Section 2255 either "inadequate or ineffective."

 Section 2241, on the other hand, may be used by a federal prisoner to challenge the *execution* of his sentence, such as an attack on the application of parole board guidelines. *See, e.g., United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989); *United States v. Snow,* 748 F.2d 928, 933–34 (4th Cir.1984); *Hajduk v. United States,* 764 F.2d 795, 796 (11th Cir.1985); *Jacobson v. United States,* 542 F.2d 725, 727 (8th Cir.1976); *Youngworth v. United States Parole Comm'n,* 728 F.Supp. 384, 388 (W.D.N.C.1990).

In the present petition, the Petitioner claims that he was convicted, and his sentence was imposed, in violation of the Constitution. Thus, he is attacking the imposition of his sentence and not its execution. His petition, therefore, is properly brought under 28 U.S.C. § 2255 and not under 28 U.S.C. § 2241. Accordingly, the Court

**CONSTRUES** the petition as one brought under 28 U.S.C. § 2255. *See McNair v. McCune,* 527 F.2d 874 (4th Cir.1975) (construing *pro se* submission liberally); *Miller v. United States,* 564 F.2d 103, 105 (1st Cir.1977) (construing habeas petition as one brought under section 2255).

 Section 2255 contains a detailed framework for providing relief from improper sentences. A 1–year period of limitation applies to motions made under this section. The period runs from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In the present case, the Defendant filed his motion more than two years after the sentence became final. The Defendant has provided no basis for the Court to find that the limitation period should begin to run from any other date. Further, the Petitioner recognizes that he does not meet the requirements for filing a second or successive 2255 petition. Pet. at 3.

Accordingly, the Court **DISMISSES** this petition as time barred and as a second or successive petition. The Defendant

is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Order to the Defendant.

It is so **ORDERED**.